UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | | |
|---|---|---|
| OLIVER UDEMBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO:  05CV 11161 RGS |
| | ) | |
| CUMBERLAND FARMS, INC. | ) | |
| AND EMILE C. TAYEH, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL DISCOVERY WITH
INCORPORATED MEMORANDUM**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and LR 7.1 and 37.1, Defendant Cumberland Farms, Inc. ("CFI" or "the Company") hereby moves for an order compelling discovery, in support whereof the Company states as follows:

1. A scheduling conference in this case was conducted on November 29, 2005.

2. On December 1 and 5, 2005, the Company served on the Plaintiff its initial disclosures, pursuant to FRCP 26(a)(1), and also its First Set of Interrogatories and First Request for Production of Documents. Copies of these discovery requests are attached hereto as Exhibits A and B, respectively.

3. On December 1, 2005, the Company also noticed the Plaintiff's deposition for January 17 and 18, 2006. To accommodate the schedule of Plaintiff's counsel (Lipede), the Company on December 7, 2005 rescheduled the deposition for February 6 and 7, 2006. A copy of the revised Notice of Deposition is attached hereto as Exhibit C.

4. In a letter accompanying the written discovery requests, the undersigned counsel for the Company (Moss) advised Attorney Lipede:

The dates for Mr. Udemba's deposition assume that the requested documents will be produced no later than January 4, 2006. If for any reason you cannot or will not produce the documents by that date, or will not produce them at my office, please let me know as soon as possible so that we can resolve this in a way that will not require postponement of the deposition.

A copy of this letter is attached hereto as Exhibit D.

5.  On January 6, 2006, Moss e-mailed Lipede to ask when he could expect to receive the Plaintiff's discovery responses. Moss later telephoned Lipede on the same day and left her a voice-mail message asking her to call him back.

6.  On January 9, 2006, Moss sent a letter to Lipede by e-mail and first-class mail requesting a discovery conference, pursuant to LR 37.1(a). A copy of this letter is attached hereto as Exhibit E. Moss' secretary tried but was unable to "fax" the letter to Lipede and left a voice-mail message for Lipede, but received no reply to it. As of the filing of this Motion, Lipede has not responded to Moss' e-mails, telephone call or letters.

7.  Plaintiff has not requested any extension of time from the Company to respond to the discovery served on him on December 1, 2005.

8.  **LR 37.1(b)(1) and (2):** No discovery conference between counsel has been held, because Plaintiff's attorney has not responded to the request for such a conference.

9.  **LR 37.1(b)(3):** The Plaintiff is currently employed by the Company as an engineer in its Environmental Affairs Department. Plaintiff alleges that the Defendants have discriminated against him on the basis of race in the matter of compensation and promotions. The Interrogatories which are the subject of this Motion ask the Plaintiff (1) to identify all persons with knowledge of the facts alleged in each paragraph of his Complaint, (2) to state with particularity the facts within that person's knowledge, and (3) to identify all healthcare providers who might have information relevant to his claim for emotional distress damages. Without this

information and the documents sought in the Company's Request for Production of Documents the Company will be unable to conduct an effective deposition of the Plaintiff

10.   **LR 37.1(b)(4):**  This Motion concerns Interrogatories 1-3 and Document Requests 1-13.  Plaintiff's position on these discovery requests is unknown.

11.   **LR 37.1(b)(5):**  The Company's position is set forth below.

## ARGUMENT

FRCP 37(a)(2)(B) provides, in pertinent part:

> If a … party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection  submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.

The Plaintiff's failure to furnish timely responses to the discovery served on him on December 1, 2005, his failure to request an extension of the time to serve his responses to that discovery, and the failure of his attorney to respond to the Company's requests for a discovery conference warrant an order compelling discovery, as provided in FRCP 37(a)(2)(B).

Moreover, the Plaintiff's failure to furnish timely responses to the discovery or to request an extension of time to respond to the discovery constitute a waiver of any objections he might have interposed to the Company's discovery requests.  *Krewson v. City of Quincy,* 120 F.R.D. 6 (D.Mass. 1988):

> If a party fails to file *timely* objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests. *Slauenwhite v. Bekum Maschinenfabriken, GMBH,* 35 F.R.Serv.2d 975 (D.Mass., 1983) citing *Perry v. Golub,* 74 F.R.D. 360, 363 (N.D.Ala., 1976) and cases cited therein, i.e. *United States v. 58.16 Acres of Land,* 66 F.R.D. 570 (E.D.Ill., 1975); *Davis v. Romney,* 53 F.R.D. 247 (E.D.Pa., 1971); *American President Lines v. Hartford Fire Insurance Co.,* 55 F.R.D. 61 (E.D.Pa., 1971).  "Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any

3

adverse consequences." *Slauenwhite v. Bekum Maschinenfabriken, GMBH, supra*.

WHEREFORE, the Defendants respectfully request that the Court GRANT the within motion and order the Plaintiff:

(a) To serve answers to the Company's interrogatories, without objections, within ten (10) days;

(b) To produce the documents requested by the Company, without objections, within ten (10) days; and

(b) To pay the Company's reasonable attorneys' fees incurred by the necessity of bringing this Motion.

DATED at Portland, Maine this 17th day of January, 2006.

        CUMBERLAND FARMS, INC.,

        By its attorneys,

        MOON, MOSS & SHAPIRO, P.A.
        Ten Free Street
        P. O. Box 7250
        Portland, ME  04112-7250
        (207) 775-6001

        */s/ Philip J. Moss*
        Philip J. Moss BBO# 358020

## CERTIFICATE OF COMPLIANCE WITH LR 37.1

I hereby certify that the provisions of LR 37.1(a) have been complied with.

Dated:  January 17, 2006

                                        */s/ Philip J. Moss*
                                        Philip J. Moss, Esq., BBO# 358020

## CERTIFICATE OF SERVICE

I, Philip J. Moss, attorney for Cumberland Farms, Inc., hereby certify that a paper copy of Cumberland Farms, Inc.'s Motion to Compel Discovery with Incorporated Memorandum, electronically filed with the Clerk of Court using the ECF system, will be sent by first-class U.S. mail, postage prepaid to the following:

                 Aderonke O. Lipede, Esq.
                 434 Massachusetts Avenue, Suite 401
                 Boston, MA 02118
                 (BBO # 567431)

Dated:  January 17, 2006

                                        */s/ Philip J. Moss*
                                        Philip J. Moss, Esq., BBO# 358020
                                        MOON, MOSS & SHAPIRO, P.A.
                                        Ten Free Street
                                        P. O. Box 7250
                                        Portland, ME  04112-7250
                                        Tel:  (207) 775-6001
                                        Fax:  (207) 775-6407
                                        pmoss@moonmoss.com



EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

OLIVER UDEMBA, )
)
Plaintiff, )
v. ) CIVIL ACTION NO: 05CV 11161 RGS
)
CUMBERLAND FARMS, INC. )
AND EMILE C. TAYEH, )
)
Defendant. )

**DEFENDANT CUMBERLAND FARMS, INC.'S
FIRST SET OF INTERROGATORIES TO THE PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Cumberland Farms, Inc. ("CFI") propounds the following First Set of Interrogatories to the Plaintiff. Plaintiff is requested to serve answers to these Interrogatories on the attorneys for CFI, Moon, Moss & Shapiro, P.A., Ten Free Street, P.O. Box 7250, Portland, Maine 04112-7250, within 30 days after service upon Plaintiff. All obligations imposed by the Federal Rules of Civil Procedure and by Rule 33.1 of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference, including but not limited to the duty to supplement and/or amend responses.

**INTERROGATORIES**

1.   With respect to each paragraph in the Complaint, identify each person who has knowledge of the facts alleged in that paragraph. Your answer should be broken down by specific paragraph numbers of the Complaint. If your answer with respect to a given paragraph number is "none," please so indicate.

2. For each person identified in response to Interrogatory #1 above, state with particularity the facts within that person's knowledge.

3. If you are seeking to recover emotional distress damages in this action, identify each and every healthcare provider, whether or not licensed, certified or registered, in any discipline, whether physical, neurological, psychological, psychiatric, mental, emotional, or other, from whom you have obtained services from 1991 through to the present.

DATED at Portland, Maine this 1st day of December, 2005.

CUMBERLAND FARMS, INC.,

By its attorneys,

MOON, MOSS & SHAPIRO, P.A.
Ten Free Street
P. O. Box 7250
Portland, ME 04112-7250
(207) 775-6001

_____
Phillip J. Moss BBO# 358020

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

OLIVER UDEMBA, )
)
Plaintiff, )
v. )   CIVIL ACTION NO: 05CV 11161 RGS
)
CUMBERLAND FARMS, INC. )
AND EMILE C. TAYEH, )
)
Defendant. )

**DEFENDANT CUMBERLAND FARMS, INC.'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Cumberland Farms, Inc. ("CFI") propounds the following First Request for Production of Documents upon Plaintiff. Plaintiff is requested to produce for inspection and copying any and all requested documents at the offices of Moon, Moss & Shapiro, P.A., Ten Free Street, P.O. Box 7250, Portland, Maine 04112-7250, within 30 days after service upon Plaintiff. All obligations imposed by the Federal Rules of Civil Procedure are incorporated herein by reference, including but not limited to the duty to supplement and/or amend responses.

**DEFINITIONS**

The definitions set forth in Rule 26.5(c) of the Local Rules of the United States District Court for the District of Massachusetts are incorporated herein by reference. In addition:

1. The term "Company" refers to the Defendant Cumberland Farms, Inc.

2. The terms "you," "your" and "yours" refer to the Plaintiff, Oliver Udemba.

3. The term "document" means any compilation of data from which information can be obtained.

## INSTRUCTIONS

Rule 34.1 of the Local Rules of the United States District Court for the District of Massachusetts is incorporated herein by reference. In addition,

1. In answering these Requests for Production, you are required to furnish all information that is in your possession, custody or control, or in the possession, custody, or control of anyone else acting on your behalf or otherwise subject to your direct or indirect control, including your attorney.

2. Produce the originals of the requested documents and all non-identical copies of the original documents; if the originals no longer exist, produce complete, accurate and legible copies of the requested documents.

3. For each document produced in response to a Request for Production, indicate on the document, or in some other reasonable manner, the numbered Request for Production to which it responds. Within each numbered group, arrange the documents, to the extent possible, in chronological order.

4. If anything is deleted or redacted from a document produced in response to these Requests for Production, state (a) the reason for the deletion or redaction; (b) the subject matter deleted or redacted; (c) if the deletion or redaction is based on a claim of privilege or immunity, state additionally the privilege or immunity allegedly giving rise to the claim, and all individuals who have knowledge of the deleted or redacted information and/or have a copy of the deleted or redacted information.

5. These Requests for Production shall be deemed continuing so as to require you to seasonably supplement your answers and the production with documents obtained subsequent to the preparation and filing of your response to each request.

## DOCUMENT REQUESTS

1. All recordings of conversations, meetings and other events referred to in your Complaint in this case, or which relate or pertain to any of the facts or allegations in your Complaint in this case.

2. All notes prepared by you or by anyone else of conversations, meetings and other events referred to in your Complaint in this case, or which relate or pertain to any of the facts or allegations in the Complaint.

3. All documents which you assert will prove, or tend to prove, the date that the Environmental Affairs Department was created.

4. All documents which you assert will prove, or tend to prove, each of the facts alleged in each of the paragraphs of the Complaint. Your response should identify the paragraph(s) of the Complaint that each document proves or tends to prove.

5. All documents which you referred to, relied upon, or consulted in the preparation of your Complaint.

6. All documents referring to, relating to or setting forth, in whole or in part, any communication that you had with Defendants in this case, or their current or former employees or agents, relating or pertaining to the allegations contained in the Complaint.

7. Any and all notes, memoranda, diaries, journals, calendars, daybooks, appointment books or other writings kept or prepared by you, or on your behalf, for all or any part of the period from January 1, 1991 up to the present time, containing any information about either Defendant in this case, or any of the allegations in the Complaint.

8. All documents which you intend to present as an exhibit at trial.

9. All documents relating to the categories, items, nature, extent and amount of damages you are seeking in this action, including, without limitation, lost wages, attorneys' fees,

3

compensatory damages, punitive damages, equitable relief, injunctive relief, and any other alleged losses, including any retainer or fee agreement that you have with your attorney.

10. Any and all affidavits, statements, declarations, and other writings given, made or prepared by or on behalf of any person with information or knowledge relevant to, or relating to the facts and allegations that form the basis for the Complaint.

11. All statements and other documents submitted by you or in your behalf to the Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination.

12. If you are seeking to recover emotional distress damages in this action, produce a complete copy of all of your medical records, hospital records, and mental health records for the time period from 1991 through the present, including but not limited to, any and all examinations, tests, diagnoses, treatment notes, procedures, prescriptions, laboratory results, bills and invoices relating to any medical treatment you have sought or received, records describing your condition or any treatment prescribed for or undergone by you, of and/or by any health care provider, whether or not licensed, certified or registered, in any discipline, whether physical, neurological, psychological, psychiatric, mental, emotional, or other; if you do not now have a complete copy of these records you are requested to produce those records which you do have, and to execute and return with your response to this Request for Production an Authorization for Release of Medical Records for Defendant to obtain these records, in the form attached hereto, together with a list of the names and addresses of each and every healthcare provider from whom you have obtained services from 1991 through to the present.

13. All other documents not produced in response to one of the above requests that support your claims or any of your claims in this case.

14. For each person whom you expect to call as an expert witness at trial:

   a. a resume of his education and experience qualifications which you intend to introduce as bearing on his competency to testify;

   b. any and all documents which indicate the date, place and forum of each occasion when he has been offered as an expert witness and, with respect to each such occasion, documents that state the subject matter upon which he was called to testify, whether he did, in fact, qualify as an expert and a detailed description of the technical area, if any, which he qualified as an expert;

   c. any and all documents that reference the title, date of publication, publisher and author of each text, textbook article, body of scientific data and other materials which the said expert has relied upon, consulted or made reference to with respect to his anticipated testimony;

   d. any preliminary or final reports, memoranda, correspondence, notes or writings of any kind with respect to any evaluations or examinations conducted by the said expert or in any way related to his anticipated testimony at the trial of this case; and

   e. any photographs, motion pictures, diagrams, plans or blueprints which were prepared by or used by said expert witness in preparation for his appearance as a witness for you at trial.

   f. any and all documents which have been provided to you by each of your expert witnesses, and or which you have provided to each of your expert witnesses.

DATED at Portland, Maine this 1st day of December, 2005.

CUMBERLAND FARMS, INC.,

By its attorneys,

MOON, MOSS & SHAPIRO, P.A.
Ten Free Street
P. O. Box 7250
Portland, ME 04112-7250
(207) 775-6001

Philip J. Moss BBO# 358020

EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OLIVER UDEMBA,            )
                          )
          Plaintiff,      )
     v.                   )     CIVIL ACTION NO: 05CV 11161 RGS
                          )
CUMBERLAND FARMS, INC.    )
AND EMILE C. TAYEH,       )
                          )
          Defendant.      )

### REVISED NOTICE OF TAKING DEPOSITION

To:   Aderonke O. Lipede, Esq.
      434 Massachusetts Avenue, Suite 401
      Boston, MA 02118

Please take notice that on Monday, February 6, 2006, Philip J. Moss, Esquire, will take the deposition by stenographic means of Plaintiff Oliver Udemba, upon oral examination before an officer authorized by law to take depositions. The deposition will take place at the offices of Seyfarth Shaw, LLP, Two Seaport Lane, Suite 300, Boston 02210, commencing at 9:00 a.m., and will continue on Tuesday, February 7, 2006, if necessary.

DATED at Portland, Maine this 7th day of December, 2005.

CUMBERLAND FARMS, INC.,

By its attorneys,

MOON, MOSS & SHAPIRO, P.A.
Ten Free Street
P. O. Box 7250
Portland, ME 04112-7250
(207) 775-6001


/s/ Philip J. Moss
Philip J. Moss BBO# 358020





EXHIBIT D

Moon, Moss, & Shapiro, P.A.
Ten Free Street
P.O. Box 7250
Portland, Maine 04112-7250
tel (207) 775-6001
fax (207) 775-6407

Workplace Guidance
and Solutions

pmoss@moonmoss.com

December 5, 2005

**SENT BY FEDERAL EXPRESS**

Ms. Aderonke O.A. Lipede
434 Massachusetts Avenue, Suite 401
Boston, MA 02118

RE:   Udemba v. Cumberland Farms, Inc., et al.
      CA No. 05-CV-11161 RGS

Dear Ms. Lipede:

   On December 1, 2005, I sent you by FedEx a set of documents, including the Defendants' initial disclosures and written discovery, to the following address:

Fitzhugh, Parker & Alvaro, LLP
155 Federal Street, Suite 1700
Boston, MA 02110

   Before sending you these documents, I e-mailed you, asking you to confirm this address, which is the address stated for you in the Notice of Electronic Filing which I received from the Court on November 22, 2005. This afternoon, I received an e-mail from you stating that this is not the correct address for you, so I am sending you another set of the following documents:

1. Answer of Defendant Cumberland Farms, Inc.;
2. Answer of Defendant Emile C. Tayeh;
3. Defendants' Initial Disclosures, per Rule 26(a)(1);
4. Defendant Cumberland Farms' First Set of Interrogatories;
5. Defendant Cumberland Farms' First Request for Production of Documents;
6. Notice to depose Mr. Udemba on January 17 and 18, 2006.

   I also e-mailed each of these documents to you on December 1, 2005, in PDF format, and today you confirmed that you received them via e-mail.

   Please let me know as soon as possible if you or Mr. Udemba are not available on January 17 and 18, 2006.

Ms. Aderonke O.A. Lipede
December 5, 2005
Page 2

    The dates for Mr. Udemba's deposition assume that the requested documents will be produced no later than January 4, 2006. If for any reason you cannot or will not produce the documents by that date, or will not produce them at my office, please let me know as soon as possible so that we can resolve this in a way that will not require postponement of the deposition.

Very truly yours,

Philip J. Moss

Enclosures



**MOON**

Workplace Guidance
and Solutions

Moon, Moss, & Shapiro, P.A.
Ten Free Street
P.O. Box 7250
Portland, Maine 04112-7250
tel (207) 775-6001
fax (207) 775-6407

pmoss@moonmoss.com

EXHIBIT E

January 9, 2006

**BY FACSIMILE, E-MAIL AND FIRST CLASS MAIL**

Aderonke O. Lipede, Esq.
434 Massachusetts Avenue, Suite 401
Boston, MA 02118

    RE:    Udemba v. Cumberland Farms, Inc., et al.
             CA No. 05-CV-11161 RGS

Dear Aderonke:

    On December 1, 2005, I served you with Defendant Cumberland Farms, Inc.'s First Set of Interrogatories and First Request for Production of Documents. Last Friday, January 6, 2006, I e-mailed you to ask when I could expect to receive responses to that discovery. Later that same day, having had no response to my e-mail, I telephoned you, and left you a voice-mail message.

    Please consider this letter a *formal* request for a discovery conference, pursuant to LR 37.1(a).

                                      Very truly yours,

                                      Philip J. Moss