UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | | |
|---|---|---|
| OLIVER UDEMBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO: 05CV 11161 RGS |
| | ) | |
| CUMBERLAND FARMS, INC. | ) | |
| AND EMILE C. TAYEH, | ) | |
| | ) | |
| Defendant. | ) | |

**SECOND MOTION OF DEFENDANT CUMBERLAND FARMS, INC.
TO COMPEL DISCOVERY WITH INCORPORATED MEMORANDUM**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and LR 7.1 and 37.1, Defendant Cumberland Farms, Inc. ("CFI" or "the Company") hereby moves for a further order compelling discovery. By this Motion, the Company asks the Court to order the Plaintiff to serve his answers to the Company's Interrogatories, without objections, within ten (10) days, or face dismissal of the Complaint with prejudice.

1. At the scheduling conference on November 29, 2005, the parties proposed and the Court adopted the date of May 28, 2006 as the deadline for completion of discovery.

2. On December 1 and 5, 2005, the Company served on the Plaintiff its initial disclosures, pursuant to FRCP 26(a)(1), and also its First Set of Interrogatories and First Request for Production of Documents. *See* Exhibits A and B.[1]

3. The Company noticed the Plaintiff's deposition for January 17 and 18, 2006. To accommodate the schedule of Plaintiff's counsel (Lipede), the Company rescheduled the deposition for February 6 and 7, 2006. Both the original and the revised Notice stated that the deposition would commence at 9:00 a.m. *See* Exhibit C.

---

[1] Exhibits A-E were submitted in support of the Company's first Motion to Compel, filed on January 17, 2006.

4.  In a letter accompanying the Company's written discovery requests, the Company's attorney (Moss) advised Attorney Lipede:

> The dates for Mr. Udemba's deposition assume that the requested documents will be produced no later than January 4, 2006. If for any reason you cannot or will not produce the documents by that date, or will not produce them at my office, please let me know as soon as possible so that we can resolve this in a way that will not require postponement of the deposition.

*See* Exhibit D.

5.  On January 6, 2006, Moss e-mailed Lipede to ask when he could expect to receive the Plaintiff's discovery responses. Moss later telephoned Lipede on the same day and left her a voice-mail message asking her to call him back. Lipede did not respond to these inquiries.

6.  On January 9, 2006, Moss sent a letter to Lipede by e-mail and first-class mail requesting a discovery conference, pursuant to LR 37.1(a). *See* Exhibit E. Lipede never responded to this request.

7.  Plaintiff never requested any extension of time from the Company to respond to the discovery served on him on December 1, 2005.

8.  On January 17, 2006, the Company filed its first Motion To Compel Discovery in this case, and served a copy of the motion on Plaintiff.

9.  On January 31, 2006, Moss notified Lipede by e-mail, fax and first-class mail that he was postponing the Plaintiff's deposition until March 6, 2006:

> As you know, I served written discovery requests on you on December 1, 2005, and I made clear in my cover letter that I planned to use that discovery at Mr. Udemba's deposition on February 6, 2006. Because of your failure to furnish responses to that discovery, I filed a motion to compel discovery on January 17, 2006, and pending the Court's ruling on that motion I am rescheduling Mr. Udemba's deposition to March 6 and 7, 2006. I enclose an appropriate Notice to that effect.

*See* Exhibit F, attached hereto.

10. On February 1, 1006, Moss received from Attorney Lipede the Plaintiff's responses to its First and Second Requests for Production of Documents. In a cover letter dated January 31, 2006, Lipede stated that she would e-mail Moss the Plaintiffs answers to Interrogatories the next day (February 1, 2006), and that Plaintiff would produce signed answers to the Interrogatories at his deposition on Monday, February 6, 2006. *See* Exhibit G, attached hereto. Lipede's letter made no reference to the Company's Motion to Compel, and contained no explanation for the Plaintiff's delay in responding to the discovery requests.

11. The Company's first Motion to Compel sought an order requiring the Plaintiff to produce documents without objections on the basis of case-law in this District that a party waives objections by failing to make a timely response to written discovery requests. Nonetheless, the Plaintiff's response to the Company's First Request for Production of Documents stated objections to Requests # 4, 5, 9 and 12. *See* Exhibit H, attached hereto.

12. On February 1, 2006, Moss sent a letter to Lipede stating, *inter alia,* "as set forth in our Motion to Compel, Plaintiff has waived objection to our document requests and interrogatories; accordingly, I hereby request that you furnish all documents withheld on the basis of your objections;…" *See* Exhibit I, attached hereto. Lipede has not responded to this letter.[2]

13. Plaintiff did not file any response to the Company's first Motion to Compel, and the Court granted that Motion on February 7, 2006. In its first motion to Compel, the Company sought an order requiring the Plaintiff "To serve answers to the Company's interrogatories, without objections, within ten (10) days".

---

[2] In view of Attorney Lipede's failure to respond to Moss' first request for a discovery conference, and her failure to respond to Moss' other e-mails, telephone calls and letters, the Company submits that further efforts to comply with LR 37.1 would be futile.

3

14. As of the filing of this second Motion to Compel:

(a) the Company still has not received (by e-mail or any other means) any answers to the Interrogatories it served on the Plaintiff on December 1, 2005; and

(b) the Company has never received any request from the Plaintiff for an extension of time to answer the Company's Interrogatories.

15. The Complaint includes 69 paragraphs of factual allegations spanning a period of fifteen years (1991 to the present). The Interrogatories which are the subject of this Motion ask the Plaintiff (1) to identify all persons with knowledge of the facts alleged in each paragraph of his Complaint, and (2) to state with particularity the facts within that person's knowledge. Without this information the Company will be unable to conduct an effective or efficient deposition of the Plaintiff, and will have to postpone the deposition for a third time.

## ARGUMENT

It is well settled that the Court has discretion to order dismissal of an action with prejudice as a sanction for a party's failure to furnish discovery or other abuse of the discovery process. *Damiani v. Rhode Island Hospital,* 704 F.2d 12 (1st Cir. 1983), *citing National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639 (1976). In *Damiani,* as here: the plaintiff failed to serve answers to the defendant's interrogatories within the time prescribed by Rule 33; the plaintiff did not ask the defendant for an extension of time or file any objection to the interrogatories; the defendant sought an order compelling discovery; the plaintiff did not file an opposition to the motion; and the motion was granted. Unlike this case, however, the plaintiff in *Damiani* eventually did serve answers to the defendant's interrogatories. Nonetheless, the district court dismissed the complaint with prejudice and awarded the defendant counsel fees for its motion to dismiss, as a sanction for the plaintiff's willful misconduct in failing to furnish

timely answers to the defendant's interrogatories. The First Circuit affirmed, with the following observation:

> Not only was there willful disobedience of the court's order, but the plaintiff's attorney arrogated control of discovery to himself and changed the date of compliance to suit his own convenience and that of his client. If such conduct were condoned by a slap on the wrist, the District Court of Rhode Island might well find the lawyers calling the tune on discovery schedules.

704 F.2d at 16 (footnotes omitted). *See also*, *John's Insulation, Inc. v. L. Addison and Associates, Inc.,* 156 F.3d 101 (1st Cir. 1998) (district court's inherent power to impose sanctions for litigation abuses includes power to dismiss *sua sponte* for failure to prosecute action).

In the case at bar, the Plaintiff has failed to respond to the Company's request for a discovery conference, or to numerous other communications from the Company's attorney (by telephone, e-mail and letter) intended to move discovery along without intervention by the Court, and he has failed to comply with the Court's February 7, 2006 order that he furnish answers to the Company's Interrogatories. In these circumstances, it is appropriate and necessary to issue the Plaintiff a *final* warning, that failure to provide answers to the Company's Interrogatories will result in dismissal with prejudice of his lawsuit.

WHEREFORE, the Defendants respectfully request that the Court GRANT the within motion and

(a) Order that this case be dismissed with prejudice unless, within ten (10) days from the date of the order, the Plaintiff serves answers to the Company's interrogatories, without objections; and

(b)  Order the Plaintiff to pay the Company's reasonable attorneys' fees incurred by the necessity of bringing this Motion.

DATED at Portland, Maine this 17th day of February, 2006.

>CUMBERLAND FARMS, INC.,
>
>By its attorneys,
>
>MOON, MOSS & SHAPIRO, P.A.
>Ten Free Street
>P. O. Box 7250
>Portland, ME  04112-7250
>(207) 775-6001
>
>*/s/ Philip J. Moss*
>Philip J. Moss BBO# 358020

## CERTIFICATE OF COMPLIANCE WITH LR 37.1

I hereby certify that the provisions of LR 37.1(a) have been complied with.

Dated:  February 17, 2006

>*/s/ Philip J. Moss*
>Philip J. Moss, Esq., BBO# 358020

**CERTIFICATE OF SERVICE**

    I, Philip J. Moss, attorney for Cumberland Farms, Inc., hereby certify that a paper copy of the Second Motion of Defendant Cumberland Farms, Inc. to Compel Discovery with Incorporated Memorandum, electronically filed with the Clerk of Court using the ECF system, will be sent this date by first-class U.S. mail, postage prepaid to the following:

Aderonke O. Lipede, Esq.<br>
434 Massachusetts Avenue, Suite 401<br>
Boston, MA 02118<br>
(BBO # 567431)

Dated:  February 17, 2006

                                        */s/ Philip J. Moss*
                                        Philip J. Moss, Esq., BBO# 358020
                                        MOON, MOSS & SHAPIRO, P.A.
                                        Ten Free Street
                                        P. O. Box 7250
                                        Portland, ME  04112-7250
                                        Tel:  (207) 775-6001
                                        Fax:  (207) 775-6407
                                        pmoss@moonmoss.com



EXHIBIT
F

Moon, Moss, & Shapiro, P.A.
Ten Free Street
P.O. Box 7250
Portland, Maine 04112-7250
tel (207) 775-6001
fax (207) 775-6407

pmoss@moonmoss.com

Workplace Guidance
and Solutions

January 31, 2006

**SENT VIA E-MAIL, FAX
AND FIRST CLASS MAIL**

Aderonke O. Lipede, Esq.
434 Massachusetts Avenue, Suite 401
Boston, MA 02118

Re:   Udemba v. Cumberland Farms, Inc., et al.
      CA No. 05-CV-11161 RGS

Dear Aderonke:

    As you know, I served written discovery requests on you on December 1, 2005, and I made clear in my cover letter that I planned to use that discovery at Mr. Udemba's deposition on February 6, 2006. Because of your failure to furnish responses to that discovery, I filed a motion to compel discovery on January 17, 2006, and pending the Court's ruling on that motion I am rescheduling Mr. Udemba's deposition to March 6 and 7, 2006. I enclose an appropriate Notice to that effect.

    In view of your failure to respond to my telephone calls, e-mails and letters, I am sending a copy of this letter directly to Mr. Udemba, to ensure that he does not appear for the deposition on February 6th.

Very truly yours,

Philip J. Moss

PJM/mer
Enclosure
cc w/ encl: Mr. Oliver Udemba

FEB -1 2006

Law Office of Aderonke O. Lipede
434 Massachusetts Avenue, Suite 401
Boston, MA 02118
(617) 859-7400 (Tel)
(617) 424-7624 (Fax)
contact@lipedelaw.com



EXHIBIT
G

January 31, 2006

Philip J. Moss, Esq.
Moon, Moss & Shapiro, P.A.
Ten Free Street
P.O. Box 7250
Portland, Maine 04112-7250

Re:  **Oliver Udemba v. Cumberland Farms Inc. et al**
     **U.S. Federal District Court 05-CV-11161 RGS**

Dear Attorney Moss,

Enclosed please find the above referenced Plaintiff's Responses to Cumberland Farm Inc.'s First and Second Request for Production of Documents. I will send the answers to interrogatories via email on February 1, 2006. Please note that Mr. Udemba will sign his interrogatories on Monday February 6, 2006.

Finally, please note that my client and I will arrive at the deposition at 10:00 A.M. on Monday February 6, 2006 as I have an early appointment which cannot be rescheduled.

Sincerely,

Aderonke O. Lipede

Enclosure

EXHIBIT

H

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

OLIVER UDEMBA
    Plaintiff,

v.

CUMBERLAND FARMS, INC.
AND EMILE C. TAYEH
    Defendants.

CIVIL ACTION NO.: 05CV 11161 RGS

## PLAINTIFF'S RESPONSE TO DEFENDANT CUMBERLAND FARM, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1. All recordings of conversations, meetings and other events referred to in your Complaint in this case, or which relate or pertain to any of the facts or allegations in your Complaint in this case.

**RESPONSE:** The plaintiff is not in possession of the requested documents and is not aware of the existence of such documents.

2. All notes prepared by you or by anyone else of conversations, meetings and other events referred to in your Complaint in this case, or which relate or pertain to any of the facts or allegations in the Complaint.

**RESPONSE:** The plaintiff produces documents within his possession responsive to this request.

3. All documents which you assert will prove, or tend to prove, the date that the Environmental Affairs Department was created.

**RESPONSE:** The plaintiff is not in possession of the requested documents and is not aware of the existence of such documents.

4. All documents which you assert will prove, or tend to prove, each of the facts alleged in each of the paragraphs of the Complaint. Your response should identify the paragraph(s) of the Complaint that each document proves or tends to prove.

**OBJECTION:** The plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome, and does not reasonably identify the documents sought.

**RESPONSE:** Without waiving his objections, the plaintiff refers defendants to his responses to Request No. 2, 5, 7, and 11.

5.   All documents which you referred to, relied upon, or consulted in the preparation of your Complaint.

**OBJECTION:**  The plaintiff objects to this request on the grounds that some of the documents responsive to this request are subject to the attorney-client privilege and the work-product rule.

**RESPONSE:**  Without waiving his objections, the plaintiff produces non-privileged documents responsive to this request.

6.   All documents referring to, relating to or setting forth, in whole or in part, any communication that you had with Defendants in this case, or their current or former employees or agents, relating or pertaining to the allegations contained in the Complaint.

**RESPONSE:** See Response to Request No. 2, 5, 7.

7.   Any and all notes, memoranda, diaries, journals, calendars, daybooks, appointment books or other writings kept or prepared by you, or on your behalf, for all or any part of the period from January 1, 1991 up to the present time, containing any information about either Defendant in this case, or any of the allegations in the Complaint.

**RESPONSE:** The plaintiff produces memoranda in his possession.  The defendant is not in possession of any journals, calendars, daybooks, or appointment books during the relevant time period.

8.   All documents which you intend to present as an exhibit at trial.

**RESPONSE:** The plaintiff has not determined which documents he intends to introduce at trial, and will supplement his response to this request in the pre-trial memorandum.

9.   All documents relating to the categories, items, nature, extent, and amount of damages you are seeking in this action, including, without limitation, lost wages, attorney's fees, compensatory damages, punitive damages, equitable relief, injunctive relief, any other alleged losses, including any retainer or fee agreement that you have with your attorney.

**OBJECTION:** The plaintiff objects to the production of any documents pertaining to attorney's fees and retainer or fee agreements.  The plaintiff states that he does not intend to assert attorney's fees as an element of damages during his case in chief. Therefore, the issue of attorneys' fees will be relevant only if the plaintiff prevails at trial.

**RESPONSE:** Without waiving his objection, the plaintiff is not in possession of the documents requested, and will supplement this request if such documents become available.

10. Any and all affidavits, statements, declarations, and other writings given, made or prepared by or on behalf of any person with information or knowledge relevant to, or relating to the facts and allegations that form the basis of the Complaint.

**RESPONSE:** The plaintiff is not aware of the existence of such documents.

11. All statements and other documents submitted by you or in your behalf to the Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination.

**RESPONSE:** The plaintiff submits documents responsive to this request. See also response to Request No. 5.

12. If you are seeking to recover emotional distress damages in this action, produce a complete copy of all of your medical records, hospital records, and mental health records for the time period from 1991 through the present, including but not limited to, any all examinations, tests, diagnoses, treatment notes, procedures, prescriptions, laboratory results, bills and invoices relating to any medical treatment you have sought or received, records describing your condition or any treatment prescribed for or undergone by you, of and/or by any health care provider, whether or not licensed, certified or registered, in any discipline, whether physical, neurological, psychological, psychiatric, mental, emotional or other; [sic] if you do not now have a complete copy of these records, you are requested to produce those records which you do have, and to execute and return with your response to this Request for Production an Authorization for Release of Medical Records for Defendant to obtain these records, in the form attached hereto, together with a list of the names and addresses of each and every health care provider from whom you have obtained services from 1991 through the present.

**OBJECTION:** The plaintiff objects to this request on the grounds that it seeks documents in violation of the doctor/patient privilege and therapist/patient privilege. The plaintiff further objects on the basis that the request is overbroad, unduly burdensome, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff does not allege that he suffered physical injury as a result of the Defendants' actions. With regards to emotional distress, the plaintiff alleges garden variety emotional distress damages which does not grant the Defendants the right to review the plaintiff's mental health records.

**RESPONSE:** Without waiving his objections, the Defendant states that he did not receive any mental health treatment as a result of the allegations in the Complaint. Plaintiff further states that he is not aware of the existence of any mental health records during the relevant period of time.

13. All other documents not produced in response to one of the above requests that support your claims or any of your claims in this case.

**RESPONSE:** The plaintiff has produced all non-privileged documents within his possession to which he does not object.

14. For each person whom you expect to call as an expert witness at trial [sic]:

a. a resume of his education and experience qualifications which you intend to introduce a bearing on his competency to testify;

b. any and all documents which indicate the date, place and forum of each occasion when he has been offered as an expert witness and, with respect to each such occasion, documents that state the subject matter upon which he was called to testify, whether he did, in fact, qualify as an expert and a detailed description of the technical area, if any, which he qualified as an expert;

c. any and all documents that reference the title, date of publication, publisher and author of each text, textbook article, body of scientific data and other materials which the said expert has relied upon, consulted or made reference to with respect to his anticipated testimony;

d. any preliminary or final reports, memoranda, correspondence, notes or writings of any kind with respect to any evaluations conducted by the said expert or in any way related to his anticipated testimony at trial of this case;

e. any photographs, motion pictures, diagrams, plans or blueprints which were prepared by or used by said expert witness in preparation for his appearance as a witness for you at trial; and

f. any and all documents which have been provided to you by each of your expert witnesses, and or which you have provided to each of your expert witnesses.

**RESPONSE:** The plaintiff has not determined his expert witness and will supplement his response accordingly upon the designation of an expert witness.

Dated: January 30, 2006

Respectfully submitted
Plaintiff Oliver Udemba
By his attorney

Aderonke O. Lipede, BBO #567431
434 Massachusetts Avenue, Suite 401
Boston, MA 02118
(617) 859-7400

## CERTIFICATE OF SERVICE

I, Aderonke O. Lipede, hereby certify that I have this 31st day of January 2006 served a copy of the attached document to counsel of record by first class pre-paid postage.

Aderonke O. Lipede

**MOON**

Workplace Guidance
and Solutions

EXHIBIT
1

Moon, Moss, & Shapiro, P.A.
Ten Free Street
P.O. Box 7250
Portland, Maine 04112-7250
tel (207) 775-6001
fax (207) 775-6407

pmoss@moonmoss.com

February 1, 2006

**SENT VIA E-MAIL, FAX
AND FIRST CLASS MAIL**

Aderonke O. Lipede, Esq.
434 Massachusetts Avenue, Suite 401
Boston, MA 02118

    Re:   Udemba v. Cumberland Farms, Inc., et al.
           CA No. 05-CV-11161 RGS

Dear Ms. Lipede:

    I received today your letter dated January 31, 2006 and Plaintiff's responses to Cumberland Farms' First and Second Requests for Production of Documents. In your letter, you state that you and Mr. Udemba will arrive at the deposition at 10:00 a.m. on Monday, February 6, 2006. Please note the following: (1) yesterday I notified you by e-mail, fax and first class mail that I was postponing the deposition in view of Plaintiff's failure to respond to our discovery requests; (2) as set forth in our Motion to Compel, Plaintiff has waived objection to our document requests and interrogatories; accordingly, I hereby request that you furnish all documents withheld on the basis of your objections; (3) your letter of January 31st states that you intend to e-mail Plaintiff's answers to interrogatories to me today; as of noon today, I have not received Plaintiff's answers to interrogatories via e-mail or any other form of transmittal; and (4) as noted in my correspondence yesterday, your failure to produce discovery responses in a timely manner requires postponement of the deposition from February 6 to March 6, 2006.

                                        Very truly yours,

                                        Philip J. Moss (mer)

                                        Philip J. Moss

PJM/mer