UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | | |
|---|---|---|
| OLIVER UDEMBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO:  05 CV 11161 RGS |
| | ) | |
| CUMBERLAND FARMS, INC. | ) | |
| AND EMILE C. TAYEH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY
DEFENDANT CUMBERLAND FARMS, INC. FOR AN AWARD OF
ATTORNEYS' FEES AND COSTS, AND TO AMEND THE JUDGMENT TO
INCLUDE AWARDS OF ATTORNEYS' FEES AND COSTS.**

Defendant Cumberland Farms, Inc. ("the Company" or "CFI") has moved pursuant to Fed.R.Civ.P. 54(d) for an award of fees and expenses against Plaintiff Oliver Udemba ("Udemba"), and has moved pursuant to Fed.R.Civ.P. 59(e) that the Judgment issued on July 5, 2006 be amended (a) to order Udemba to pay the Company $2,470.69, based upon the Court's Orders dated March 1, 2006 and March 31, 2006, and (b) to order Udemba to pay the Company the sum of $111,843.58, to reimburse the Company for the additional costs and attorneys' fees it incurred in defending this case.

**HISTORY OF THE CASE**

This Complaint in this case was filed on June 20, 2005.  A Scheduling Conference was held on November 29, 2005, and was attended by the parties' respective counsel.  On October 27, and November 17, 2005, the Defendants' attorney (Moss) wrote to Udemba's attorney (Lipede) and asked her to make a settlement proposal.  Udemba never responded to these requests.  *See* **Affidavit of Philip J. Moss**, attached hereto, ¶ **6**.  On December 1 and 5, 2005,

the Company served on Udemba its initial disclosures, pursuant to Fed.R.Civ.P. 26(a)(1), and also its First Set of Interrogatories and First Request for Production of Documents. When Udemba failed to serve responses to these discovery requests, the Company filed its first motion to compel, on January 17, 2006. Udemba did not respond to the Company's motion to compel, and the Court granted it on February 7, 2006. On March 1, 2006, the Court granted the Company's motion that Udemba be ordered to reimburse it $736.69 in attorneys' fees and costs incurred by the need to bring the motion to compel. On March 20, 2006, the Court granted the Company's second motion to compel discovery, which also was unopposed, and on March 31, 2006, the Court granted the Company's motion that Udemba be ordered to reimburse it an additional $1,734.00 in attorneys' fees and costs incurred in bringing its second motion to compel discovery.

Udemba conducted no discovery in this case. The deadline for completion of discovery was May 28, 2006, and Defendants filed their motion for summary judgment on May 30, 2006. Udemba filed no response to the motion for summary judgment, and it was granted on June 30, 2006. Judgment for the Defendants dismissing the Complaint entered on July 5, 2006.

**I.      THE JUDGMENT SHOULD BE AMENDED TO ORDER UDEMBA TO PAY THE COMPANY THE SUM OF $2,470.69, BASED UPON THE COURT'S ORDERS OF MARCH 1, 2006 AND MARCH 31, 2006.**

Fed.R.Civ.P. 59(e) states that a motion to alter or amend a judgment shall be filed within 10 days after judgment is entered. On March 1, 2006 and March 31, 2006, the Court ordered Udemba to reimburse the Company for the two motions it brought to compel discovery, totaling $2,470.69. The Company respectfully requests that the Judgment of July 5, 2006, be amended to include an order that Udemba pay this amount, within 10 days.

**II.    THE JUDGMENT SHOULD BE AMENDED TO ORDER UDEMBA TO PAY THE COMPANY THE ADDITIONAL SUM OF $111,843.58, AS COSTS AND ATTORNEYS FEES INCURRED BY THE NEED TO DEFEND THIS CASE.**

**A.    The Company Is Entitled To An Award of Costs and Attorneys' Fees Pursuant To Both Title VII And Massachusetts Law.**

In this action, Udemba asserted claims against the Company and Emile Tayeh, his immediate supervisor, under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-2 ("Title VII"), and the Massachusetts anti-discrimination statute, GLM c.151B, § 4(1) ("Chapter 151B").  The Company bore the cost of defending both itself and Tayeh.  **Moss Aff., at ¶ 3.**

Title VII states:

> In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. §2000e-5(k).

In *Christianburg Garment Co. v. EEOC,* 434 U.S. 412 (1978), the Supreme Court stated:

> [A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.

434 U.S. at 421.  *See, e.g.*, *Charves v. The Western Union Telegraph Co.,* 711 F.2d 462 (1st Cir. 1983) (upholding an award of $25,000 in attorneys' fees and expenses to the prevailing defendant in a Title VII case).

Massachusetts law, c. 231, § 6F, states in pertinent part as follows:

> §6F.  Award of Costs and Counsel Fees in Frivolous, etc., Actions.
>
> Upon motion of any party in any civil action in which a finding, verdict, decision, award, order or judgment has been made by a judge or justice or by a jury, auditor, master or other finder of fact, the court may

3

> determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith. The court shall include in such finding the specific facts and reasons on which the finding is based.
>
> If such a finding is made with respect to a party's claims, the court *shall* award to each party against whom such claims were asserted an amount representing the reasonable counsel fees and other costs and expenses incurred in defending against such claims. …
> …
> In any award made pursuant to either of the preceding paragraphs, the court shall specify in reasonable detail the method by which the amount of the award was computed and the calculation thereof.

(emphasis added). *See, e.g.*, *Cohen v. Hurley*, 20 Mass. App. Ct. 439; 480 N.E.2d 658 (Mass.App. 1985), rev. den. 396 Mass. 1101, 484 N.E.2d 102 (Mass. 1985) (upholding an award to a prevailing defendant of almost $28,000 in costs and attorneys' fees, pursuant to c.231, §6F).

An award of fees to the prevailing defendant pursuant to Title VII is left to the court's discretion, whereas a prevailing defendant *shall* be awarded fees pursuant to GLM c.231, §6F if "all *or substantially all*" of the plaintiffs' claims were "wholly insubstantial, frivolous and not advanced in good faith."

The standards for an award of attorneys' fees under Massachusetts and federal law are similar, but not identical. The standard expressed by the Supreme Court in *Christiansburg Garment* is in the disjunctive ("frivolous, unreasonable, *or* without foundation") and does not require a finding of subjective bad faith. The standard expressed in c.231, §6F is in the conjunctive ("insubstantial, frivolous *and* not advanced in good faith"). The Company submits that it is entitled to an award of costs and attorneys fees pursuant to both Title VII and GLM

4

c.231, §6F, because Udemba's claims were insubstantial, frivolous, without foundation *and* were not advanced in good faith.[1]

### 1. Udemba's claims were insubstantial, frivolous and without foundation.

Because Udemba did not contest the Defendants' statement of facts, those facts are deemed admitted. The undisputed facts and the applicable law, as set forth in the Defendants' Motion for Summary Judgment, establish that all of Udemba's claims were wholly insubstantial, frivolous and without foundation – that they were nothing more than a compilation of imagined slights and unfounded speculations.

### 2. Udemba's claims were not advanced in good faith.

Udemba's lack of good faith is established by (1) the fact that he did not conduct any discovery in this case; (3) the fact that the Company on two separate occasions had to seek Court orders compelling him to respond to the Company's written discovery requests; (3) the fact that he never responded to the Defendants' requests that he make a settlement demand; and (4) the fact that he did not file any opposition to the Defendants' motion for summary judgment.

### B. The Judgment Should Be Amended To Order Udemba To Reimburse The Company The Additional Sum Of $111,843.58.

The Company submits that the circumstances of this case are so egregious that Udemba should be ordered to reimburse the Company *all* of the attorneys' fees and expenses incurred in the defense of this case – the sum of $111,843.58, over and above the $2,470.69 awarded the

---

[1] Magistrate Judge Cohen concluded in *Monahan Corp., N.V. v. Whitty*, 319 F. Supp. 2d 227 (2004), that c.231, §6F is not available to litigants in federal courts. The Company respectfully disagrees with that conclusion. Where, as here, the plaintiff asserts a claim under Massachusetts law but chooses to bring the claim in federal court, the federal court occupies the same position as a Massachusetts court applying Massachusetts law. Note that the First Circuit has assumed that c.231, §6F *is* available to litigants in federal court. *Boston Pilots v. Motor Vessel Midnight Gambler*, 357 F.3d 129 (1st Cir. 2004).

Company as discovery sanctions.[2]  **Moss Aff., ¶ 4; Affidavit of Mark G. Howard,** attached hereto.

## CONCLUSION

Based upon the foregoing arguments and citations, and the entire record of this case, the Company requests that the Court make the following findings and rulings:

1. Each of Udemba's claims in this case was insubstantial and frivolous, because, as set forth in the Defendants' Motion for Summary Judgment

    (a) Each of his claims is based upon nothing more than speculation, and

    (b) Each of his claims is barred by the applicable statute of limitations; and

2. Udemba did not advance his claims in this lawsuit in good faith, as evidenced by

    (a) His failure to conduct any discovery in this case;

    (b) His failure to furnish responses to the Defendants' written discovery requests until ordered on two separate occasions to do so;

    (c) His failure to respond to the Defendant's request that he make a settlement demand in this case; and

    (d) His failure to oppose the Defendants' motion for summary judgment.

3. The Defendants are entitled to an award of attorneys' fees and expenses under 42 U.S.C. §2000e-5(k);

4. The Defendants are entitled to an award of attorneys' fees and expenses under GLM c.231, §6F.

In addition, the Company requests that the Court amend its Judgment of July 5, 2006,

   (a) To order that Udemba pay the Company $2,470.69, based upon the Court's Orders dated March 1, 2006 and March 31, 2006, and

   (b) To order that Udemba pay the Company the additional sum of $111,843.58, to reimburse the Company for the additional costs and attorneys' fees it incurred in defending this case.

---

[2] Udemba's failure to respond to the Company's request that he make a settlement demand left the Company with no choice but to vigorously defend itself and Tayeh.

DATED at Portland, Maine this 6th day of July, 2006.

        CUMBERLAND FARMS, INC.

        By its attorneys,

        MOON, MOSS & SHAPIRO, P.A.
        Ten Free Street
        P. O. Box 7250
        Portland, ME  04112-7250
        (207) 775-6001


        */s/ Philip J. Moss*
        Philip J. Moss, BBO 358020

**CERTIFICATE OF SERVICE**

I, Philip J. Moss, attorney for Cumberland Farms, Inc., hereby certify that a paper copy of the Memorandum of Law in Support of Motion by Defendant Cumberland Farms, Inc. for an Award of Attorneys' Fees and Costs, and to Amend the Judgment to Include Awards of Attorneys' Fees and Costs, together with Affidavits of Philip J. Moss and Mark G. Howard, electronically filed with the Clerk of Court using the ECF system, will be sent this date by first-class U.S. mail, postage prepaid to the following:

Aderonke O. Lipede, Esq.
434 Massachusetts Avenue, Suite 401
Boston, MA 02118
(BBO # 567431)

Dated: July 6, 2006

*/s/ Philip J. Moss*
Philip J. Moss, Esq., BBO# 358020
MOON, MOSS & SHAPIRO, P.A.
Ten Free Street
P. O. Box 7250
Portland, ME 04112-7250
Tel: (207) 775-6001
Fax: (207) 775-6407
pmoss@moonmoss.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | | |
|---|---|---|
| OLIVER UDEMBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO:  05 CV 11161 RGS |
| | ) | |
| CUMBERLAND FARMS, INC. | ) | |
| AND EMILE C. TAYEH, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF PHILIP J. MOSS IN SUPPORT OF DEFENDANT
CUMBERLAND FARMS, INC.'S MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS**

Philip J. Moss, being duly sworn, avers as follows:

1.  I am an attorney admitted to practice in the State of Maine and the Commonwealth of Massachusetts, and before this Court, the United States District Courts for the District of Maine and the Northern District of New York, the Courts of Appeal for the First, Second, Third and District of Columbia Circuits, and the United States Supreme Court.  I am a graduate of Yale University and Boston University School of Law.

2.  I am a Director and a Shareholder in the firm of Moon, Moss & Shapiro, P.A., which maintains its office in Portland, Maine.  I have served as lead counsel for both Defendants in this lawsuit.  I have practiced exclusively in the field of labor and employment law since I was first admitted to practice in Massachusetts in 1975.

3.  Defendant Cumberland Farms, Inc. has borne the entire cost of defending both itself and co-Defendant Emile Tayeh, since December 16, 2003 (the date that Mr. Udemba filed charges of discrimination against the Defendants with the Equal Employment Opportunity Commission and the Massachusetts Commission Against

Discrimination). Between December 16, 2003 and March 4, 2005 (the date that the EEOC issued Mr. Udemba a "right to sue" letter), the Company incurred legal fees in the amount of $14,690.50, representing 48 hours of attorneys' time and 54.9 hours of paralegals' time, and out-of-pocket expenses in the amount of $988.43. Between June 30, 2005 (the date the Complaint in this lawsuit was filed) and June 30, 2006 (the date the Court granted the Defendants' motion for summary judgment), the Company incurred additional legal fees in the amount of $87,158.50, representing 341.7 hours of attorneys' time and 53.8 hours of paralegals' time, and additional out-of-pocket expenses in the amount of $11,476.84. These figures include $2,470.69 in fees and expenses which this Court has already awarded as sanctions against the Plaintiff pursuant to Fed.R.Civ.P. 37, but which the Plaintiff has not yet paid.

   5.  The legal fees described above were based on hourly rates which ranged from $175 to $285 for the attorneys and from $65 to $100 for the paralegals. The time I spent working on this case accounted for 96% of all time billed to the Company by attorneys in our firm for this case, and my time was billed at hourly rates that ranged from $225 to $250. On information and belief, the hourly rates charged by our firm for the defense of this case are substantially less than those charged by attorneys in Boston with comparable experience.

   6.  In mid-October, 2005, I spoke to Mr. Udemba's attorney, Aderonke Lipede, and asked her to make a proposal to settle Mr. Udemba's claims against the Defendants. I confirmed this request in a letter to Ms. Lipede dated October 27, 2005, and I renewed it in a letter to her dated November 17, 2005. Copies of these letters are

attached to this affidavit. I never received a response to these requests for a settlement proposal.

DATED at Portland, Maine this 6th day of July, 2006.

CUMBERLAND FARMS, INC.,

By its attorneys,

MOON, MOSS & SHAPIRO, P.A.
Ten Free Street
P. O. Box 7250
Portland, ME  04112-7250
(207) 775-6001


*/s/ Philip J. Moss*
Philip J. Moss BBO# 358020



Moon, Moss, & Shapiro, P.A.
Ten Free Street
P.O. Box 7250
Portland, Maine 04112-7250
tel (207) 775-6001
fax (207) 775-6407

firm@moonmoss.com

Workplace Guidance
and Solutions

October 27, 2005

**VIA E-MAIL AND FIRST CLASS MAIL**

Aderonke Lipede
434 Massachusetts Avenue, Suite 401
Boston, MA  02118

    RE:   <u>Oliver Udemba v. Cumberland Farms, Inc. et al</u>

Dear Ms. Lipede:

    When we spoke over the telephone approximately ten days ago, I asked you to present me with a settlement proposal and I indicated to you that it need not be formal or elaborate. I was hoping to receive something from you before the Court issues a notice of scheduling conference.

Sincerely,

Philip J. Moss



*Workplace Guidance and Solutions*

Moon, Moss, & Shapiro, P.A.
Ten Free Street
P.O. Box 7250
Portland, Maine 04112-7250
tel (207) 775-6001
fax (207) 775-6407

firm@moonmoss.com

November 17, 2005

**VIA E-MAIL AND FIRST CLASS MAIL**

Ms. Aderonke Lipede
434 Massachusetts Avenue, Suite 401
Boston, MA 02118

    RE:    Udemba v. Cumberland Farms, Inc. et al, CA No. 05-CV-11161 RGS

Dear Ms. Lipede:

    I spoke with you by telephone on or about October 18, 2005, and asked you to send me a settlement proposal. I followed up with a letter to you on October 27, 2005, and received an e-mail from you that same day stating, "I am meeting with my client next week and should have something out to [sic] by the end of next week." However, I have heard nothing further from you.

    As you know, we are required to confer prior to the scheduling conference on November 29th. I have been waiting for you to contact me as you said you would, but time is running out. Accordingly, I enclose a proposed pretrial schedule for you to consider. Please call me to discuss this and the other matters we are required to confer about: I am in the office this week and Monday and Tuesday of next week, but will be spending the remainder of next week with my children and other family members in New York.

Sincerely,

Philip J. Moss

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

OLIVER UDEMBA, )
 )
      Plaintiff, )
 )
v. ) CIVIL ACTION NO: 05 CV 11161 RGS
 )
CUMBERLAND FARMS, INC. )
AND EMILE C. TAYEH, )
 )
      Defendant. )

**AFFIDAVIT OF MARK G. HOWARD IN SUPPORT OF DEFENDANT
CUMBERLAND FARMS, INC.'S MOTION FOR
AWARD OF ATTORNEYS' FEES AND COSTS**

Mark G. Howard, being duly sworn, avers as follows:

1. I am an attorney admitted to practice before all state and federal courts in the Commonwealth of Massachusetts, Commonwealth of Pennsylvania, District of Columbia, the States of New Jersey, New York, Connecticut and Texas as well as the U.S. Supreme Court.

2. I am Chief Legal and Administrative Officer, General Counsel & Corporate Secretary of Defendant Cumberland Farms, Inc. ("the Company"). Since 1986, it has been part of my responsibilities to retain outside counsel to perform legal services for the Company, and to review and approve the bills submitted by outside counsel who render legal services to the Company. Based on that experience, I have personal knowledge of the hourly rates charged by a number of law firms in the Boston, MA area, including but not limited to the firms of Bingham McCutchen, Goodwin Procter, Greenberg Traurig and Wilmer Hale. At those firms, an attorney with 20-30 years' experience will typically bill at rates of $435 - 600 per hour.

3. Attorney Philip J. Moss has rendered legal services to the Company as outside counsel for labor and employment matters for over 25 years. The hourly rates charged by Mr.

Moss and his firm for their defense of this lawsuit are substantially less than the rates charged by counsel with experience equivalent to his, in the Boston area.

DATED at Canton, Massachusetts this 5th day of July, 2006.

Mark G. Howard BBO# 549695