UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | | |
|---|---|---|
| OLIVER UDEMBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO:  05 CV 11161 RGS |
| | ) | |
| CUMBERLAND FARMS, INC. | ) | |
| AND EMILE C. TAYEH, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S "EMERGENCY
MOTION TO VOID OR VACATE" JUDGMENT**

Defendants Cumberland Farms, Inc. ("the Company" or "CFI") and Emile Tayeh ("Tayeh") hereby oppose the motion filed by Plaintiff Oliver Udemba ("Udemba"), styled as "Plaintiff's Emergency Motion To Void Or Vacate Adverse Ruling(s), Order(s) Or Action(s) Of The Court Against Plaintiff," filed on July 20, 2006 (hereinafter referred to as "Motion to Vacate").

**BACKGROUND**

On July 5, 2006, the Court granted the Defendants' motion for summary judgment and dismissed this suit.  On July 6, 2006, the Company moved for an award of attorneys' fees, and to amend the judgment to include an award of fees against Udemba.  Udemba filed his Motion to Vacate on July 20, 2006.

In his Motion to Vacate, Udemba states that his attorney (Aderonke O. Lipede):

- told him that he would have the opportunity to review his deposition testimony "and make any allowable changes if necessary or desired";

- told him that she would commence discovery and depose the Defendants;

- told him on July 13, 2006, that the Defendants had filed a motion to dismiss, which she did not respond to, and that the case was dismissed "as a result of her failure to respond."

Udemba asserts that Attorney Lipede "abandoned" his case, without his knowledge.

The Defendants submit that Udemba's Motion to Vacate should be denied because (a) he is bound by the acts and omissions of his counsel, and (b) there is no reason to believe that Udemba could have successfully opposed the Defendants' motion for summary judgment.

## ARGUMENT

Udemba's Motion to Vacate is governed by Fed.R.Civ.P. 60(b), which states in pertinent part as follows:

> **Rule 60. Relief from Judgment or Order**
>
> …
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. …

The disposition of a motion for relief from judgment under Rule 60 rests within the sound discretion of the District Court.

The First Circuit listed the factors to be considered in ruling on a motion under Rule 60(b), in *United States v. Kayser-Roth Corporation,* 272 F.3d 89, 95 (1st Cir. 2001):

> We have identified certain criteria to determine whether relief from judgment is appropriate under Rule 60(b): "(1) timeliness, (2) the existence of exceptional circumstances justifying extraordinary relief, and (3) the absence of unfair

prejudice to the opposing party." *953 F.2d at 20.*[1] In addition, to obtain relief under Rule 60(b), "[a litigant] must give the trial court reason to believe that vacating the judgment will not be an empty exercise" in any new proceedings. Id.  Although the movant need not show "an ironclad claim or defense which will guarantee success at trial," it must at least demonstrate that it possesses "a potentially meritorious claim or defense which, if proven, will bring success in its wake." *953 F.2d at 21; Lepkowski v. United States Dep't of Treasury, 256 U.S. App. D.C. 281, 804 F.2d 1310, 1314 (D.C. Cir. 1986).* Purely conclusory allegations are not sufficient to establish the Rule 60(b) precondition. *Teamsters, 953 F.2d at 21.*

I. **THE UNEXCUSED NEGLECT OF UDEMBA'S ATTORNEY DOES NOT JUSTIFY RELIEF UNDER RULE 60(b).**

The Court need not accept as true Udemba's assertions that his attorney "abandoned" the case,[2] but even assuming that his allegations are true, the unexcused neglect of his attorney is not sufficient reason to vacate the Judgment entered on July 5, 2006.

In *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962), the Supreme Court held that it was not an abuse of discretion for the district court to dismiss an action *sua sponte* based on counsel's failure to attend a pretrial conference:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.  Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the

---

[1] The citation is to *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co.,* 953 F.2d 17 (1st Cir. 1992).

[2] See *Capizzi and Capizzi v. State Resources Corp.*, No. 02-12319, 2005 U.S. Dist LEXIS 738 (D. Mass. January 20, 2005), at n.2:

> The First Circuit has spoken on what material a court need consider when resolving a *Rule 60(b)* motion:
>
> > Although a court, for purposes of a *Rule 60 (b)* motion, sometimes may assume the truth of fact-specific statements proffered by the movant, it need not credit bald assertions, unsubstantiated conclusions, periphrastic circumlocutions, or hyperbolic rodomontade.'
>
> Karak v. Bursaw Oil Corp., 288 F.3d 15, 20 n.3 (1st Cir. 2002) (quoting Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 18 (1st Cir. 1992)).

acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Smith v. Ayer, 101 U.S. 320, 326.*

370 U.S. at 633-634 (footnote omitted).

The First Circuit has applied *Link v. Wabash* in numerous cases. *See, e.g., Top Entertainment, Inc., et al. v. Maria Ortega d/b/a Servitel,* 285 F.2d 115, 119 (1st Cir. 2002), quoting *Farm Constr. Servs., Inc. v. Fudge,* 831 F.2d 18, 20 (1st Cir. 1987) ("This Circuit, following Link, has turned a 'deaf ear' to the plea that the sins of the attorney should not be visited upon the client.") (collecting cases).

The First Circuit has specifically held that it is not an abuse of discretion to deny a motion for relief from judgment under Rule 60(b) that is premised upon the unexcused neglect of a party's counsel. *United States v. One Lot of $ 25,721 in Currency*, 938 F.2d 1417, 1422 (1st Cir. 1991):

> In this circuit we have followed the teaching of the Court in *Link v. Wabash Railroad Co., 370 U.S. 626, 633-34, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962),* that the acts or omissions of counsel are visited upon the client. *See United States v. Parcel of Land with Bldg., App. and Imp., 928 F.2d at 6.* In another forfeiture case, also involving a Rule 60(b)(1) motion, we rejected the argument that a client should not suffer the attorney's sins. *United States v. 3,888 Pounds of Atlantic Sea Scallops, 857 F.2d at 49. See also Ojeda-Toro v. Rivera-Mendez, 853 F.2d at 30* (parties bound by the acts of their attorneys).

See also: *United States v. Parcel of Land and Residence at 18 Oakwood Street, Dorchester, Massachusetts*, 958 F.2d 1 (1992)(denial of Rule 60(b) motion premised on neglect of counsel was not an abuse of discretion); *Capizzi and Capizzi v. State Resources Corp.*, supra (denying Rule 60(b) motion premised on neglect of counsel, citing *Link v. Wabash*); *Kingvision Pay-Per-View, Ltd. v. Rocca,* No. 00-407, 2002 U.S. Dist. LEXIS 4766 (D.NH March 19, 2002) (also denying motion under Rule 60(b) premised on neglect of counsel).

4

If Udemba's allegations that Attorney Lipede neglected his case are true, then his sole recourse is a claim of professional malpractice against her. *IN RE: The Petition of Mal de Mer Fisheries, Inc.,* 884 F. Supp. 635, 640-641(D.Mass. 1995), quoting, *inter alia, Link v. Wabash Railroad Co.*, 370 U.S. at 634 n.10 ("And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." See also *Latshaw v. Trainer Wortham & Co.*, 2006 U.S. App. LEXIS 16836 (9th Cir. July 6, 2006) at *9:

> We agree that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims.

II.     **UDEMBA HAS FAILED TO SHOW THAT THE GRANT OF HIS MOTION WOULD NOT BE AN "EMPTY EXERCISE."**

As stated in *Kayser-Roth,* the party moving for relief under Rule 60(b) must give the Court some reason to conclude that grant of the motion would not be an "empty exercise." In his Motion to Vacate, Udemba fails to identify a single ground which would have justified denial of the Defendants' motion for summary judgment. For this reason as well, his Motion to Vacate should be denied.

## CONCLUSION

For the foregoing reasons, the Court should DENY Udemba's Motion to Vacate the Judgment entered on July 5, 2006.

DATED at Portland, Maine this 21st day of July, 2006.

                CUMBERLAND FARMS, INC. and
                EMILE C. TAYEH

                By their attorneys,

                MOON, MOSS & SHAPIRO, P.A.
                Ten Free Street
                P. O. Box 7250
                Portland, ME  04112-7250
                (207) 775-6001


                */s/ Philip J. Moss*
                Philip J. Moss, Esq., BBO# 358020

**CERTIFICATE OF SERVICE**

I, Philip J. Moss, attorney for Cumberland Farms, Inc., hereby certify that paper copies of Defendant's Opposition to Plaintiff's "Emergency Motion to Void or Vacate" Judgment, electronically filed with the Clerk of Court using the ECF system, have been sent this date by first-class U.S. mail, postage prepaid to the following:

> Aderonke O. Lipede, Esq.
> 434 Massachusetts Avenue, Suite 401
> Boston, MA 02118
> (BBO # 567431)

and

> Oliver Udemba
> P. O. Box 230946, Astor Station
> Boston, MA  02123

Dated:  July 21, 2006                 */s/ Philip J. Moss*
　　　　　　　　　　　　　　　　　　Philip J. Moss, Esq., BBO# 358020
　　　　　　　　　　　　　　　　　　MOON, MOSS & SHAPIRO, P.A.
　　　　　　　　　　　　　　　　　　Ten Free Street
　　　　　　　　　　　　　　　　　　P. O. Box 7250
　　　　　　　　　　　　　　　　　　Portland, ME  04112-7250
　　　　　　　　　　　　　　　　　　Tel:  (207) 775-6001
　　　　　　　　　　　　　　　　　　Fax:  (207) 775-6407
　　　　　　　　　　　　　　　　　　pmoss@moonmoss.com