UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| OLIVER UDEMBA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO: 05 CV 11161 RGS |
| ) | |
| CUMBERLAND FARMS, INC. ) | |
| AND EMILE C. TAYEH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANT CUMBERLAND FARMS, INC. FOR RECONSIDERATION
OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART
THE COMPANY'S MOTION FOR ATTORNEYS' FEES**

On July 6, 2006, Defendant Cumberland Farms, Inc. ("the Company" or "CFI") moved for an award of attorneys' fees and costs. On July 27, 2006, the Court affirmed its previous awards of attorneys' fees to the Company, totaling $2,470.69, as discovery sanctions against the Plaintiff, but denied the Company's request for an additional award of $111,843.58 in costs and attorneys' fees. The Court did not explain the basis for its decision.

The Company requests reconsideration pursuant to Fed.R.Civ.P. 60(b)(6),[1] for the following reasons:

1. The Company believes that its request for a substantial award of attorneys' fees is well-founded, but absent an explanation of the basis for the Court's denial of its

---

[1] Rule 60(b)(6) permits relief from a judgment or order for "any other reason justifying relief from the operation of the judgment."

request, all the Company can do is to ask the Court to consider once again the reasons set forth in the Memorandum of Law submitted in support of the Company's motion for attorneys' fees. In particular, the Company respectfully submits that an award of fees under GLM c.231, §6F is mandatory if "all or substantially all" of the plaintiffs' claims were "wholly insubstantial, frivolous and not advanced in good faith."

> Section 6F requires that, in order to award fees, there must be a "separate and distinct finding, that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith," and the "specific facts and reasons" on which that finding is based must be articulated. If such a finding is made, the judge "*shall* award" reasonable attorney's fees, costs, and expenses incurred by the other side in opposing the insubstantial, frivolous, and bad faith claims or defenses.

*Danger Records, Inc. v. Berger,* 444 Mass. 1, 13-14, 825 N.E.2d 498, 504 (Mass. 2005) (emphasis added).

2. If the Court again declines to increase the award of costs and attorneys' fees to the Company, the Company respectfully requests that the Court explain the basis for its decision. The Company believes that Plaintiff Oliver Udemba ("Udemba") intends to appeal the judgment dismissing his Complaint, and if he does so the Company intends to cross-appeal the denial of its motion for an additional award of attorneys' fees.[2] However, the Court of Appeals cannot determine whether an order granting or denying a

---

[2] Udemba has filed two post-judgment motions. The first of these, seeking reconsideration of the Court's judgment dismissing his Complaint, was denied on July 27, 2006. The second one, filed on July 31, 2006, seeks an enlargement of time to obtain new counsel. In both of his motions, Udemba accuses his attorney of record, Aderonke Lipede, of malpractice. From these motions, it is reasonable to assume that Udemba intends to appeal the judgment against him.

request for attorneys' fees is an abuse of discretion, unless the District Court explains the basis for its decision. *Foster v. Midas Associates, Inc.,* 943 F.2d 139 (1st Cir. 1991).

DATED at Portland, Maine this 3rd day of August, 2006.

> CUMBERLAND FARMS, INC.
>
> By its attorneys,
>
> MOON, MOSS & SHAPIRO, P.A.
> Ten Free Street
> P. O. Box 7250
> Portland, ME  04112-7250
> (207) 775-6001
>
>
> */s/ Philip J. Moss*
> Philip J. Moss, BBO# 358020

**CERTIFICATE OF SERVICE**

I, Philip J. Moss, attorney for Cumberland Farms, Inc., hereby certify that a paper copy of the Memorandum of Law In Support of Motion of Defendant Cumberland Farms, Inc. for Reconsideration of the Court's Order Granting In Part and Denying In Part the Company's Motion for Attorneys' Fees, electronically filed with the Clerk of Court using the ECF system, has been sent this date by first-class U.S. mail, postage prepaid to the following:

Aderonke O. Lipede, Esq.
434 Massachusetts Avenue, Suite 401
Boston, MA 02118
(BBO # 567431)

and

Oliver Udemba
P. O. Box 230946, Astor Station
Boston, MA 02123

Dated: August 3, 2006

/s/ Philip J. Moss
Philip J. Moss, Esq., BBO# 358020
MOON, MOSS & SHAPIRO, P.A.
Ten Free Street
P. O. Box 7250
Portland, ME 04112-7250
Tel: (207) 775-6001
Fax: (207) 775-6407
pmoss@moonmoss.com