UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11161 RGS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
OLIVER UDEMBA,                          \*
   Plaintiff                          \*
                                       \*
   v.                                  \*
                                       \*
CUMBERLAND FARMS, INC., and             \*
EMILE C. TAYEH,                         \*
   Defendants                         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MOTION TO VACATE JUDGMENT**

Plaintiff Oliver Udemba, by his new counsel Scott A. Lathrop, hereby moves, pursuant to Rule 60(b)(1) and (6), to vacate the judgment entered in the case on July 5, 2006. The grounds for this Motion are as follows.

**I.   Background**

On June 3, 2005, plaintiff Oliver Udemba, through attorney Aderonke Lipede, filed the Complaint in this action against the defendants Cumberland Farms, Inc., and Emile E. Tayeh. Udemba brought claims of unlawful discrimination on the basis of his race (black) in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2 and the Massachusetts anti-discrimination statute, M.G.L.c. 151B, § 4(1). Udemba brought these claims after the EEOC had found reasonable cause to believe that violations of the statutes occurred with regard to some or all of the matters alleged in his charge but could not obtain a settlement with defendants that would provide relief to Udemba. (Exhibit 1 attached hereto.)

1

According to the Docket Sheet in this case, the defendants did not file an Answer until October 27, 2005.

Further according to the Docket Sheet, on January 17, 2006, defendants filed a Motion to Compel Discovery. After Atty. Lipede filed no opposition to this Motion, the Court on February 6, 2006, granted the Motion to Compel and allowed defendants to apply for reasonable costs and fees.

On February 8, 2006, defendants filed a Motion for Attorney Fees and Costs. The Docket Sheet contains no record of Atty. Lipede filing any opposition to this Motion. On March 1, 2006, the Court granted the Motion for Attorney Fees.

On February 17, 2006, defendants filed a Second Motion to Compel Discovery. The Docket Sheet contains no record of Atty. Lipede filing any opposition to this Motion. On March 11, 2006, the Court granted the defendants' Second Motion to Compel Discovery.

On March 21, 2006, the defendants filed a Motion for Attorney Fees and Costs associated with their Second Motion to Compel Discovery. The Docket Sheet contains no record of Atty. Lipede filing any opposition to this Motion. On March 31, 2006, the Court granted the Motion for Attorney Fees.

On May 30, 2006, defendants filed a Motion for Summary Judgment. The Docket Sheet contains no record of Atty. Lipede filing any opposition to this Motion. On June 30, 2006, the Court granted the Motion for Summary Judgment and entered Judgment on July 5, 2006.

On July 6, 2006, the defendants filed a Motion for Attorneys Fees and Costs and to Amend the Judgment to Include Award of Attorney's Fees and Cost. The Docket Sheet contains no record of Atty. Lipede filing any opposition to this Motion.

On August 13, 2006, the undersigned formally entered his appearance in this case on behalf of Udemba and attempted to find out from Atty. Lipede the rationale for her actions or inactions.

Attached as Exhibit 2 is an affidavit from Atty. Lipede in which she states, <u>inter alia</u>, that upon receiving defendants' Motion for Summary Judgment, she "erroneously noted in [her] Day Minder that Plaintiff's response would be due on July 21, 2006." (Ex. 2, ¶ 3)  Atty. Lipede also states that on or about July 14, 2006, she received defendants' Motion for Fees indicating that a Judgment had been entered.  "I did not receive a notice that judgment had been entered prior to receiving Defendants' Motions for Fees." (Ex. 2, ¶ 4)

## II.   **Legal Standards**

Under Rule 60(b) a court may relieve a party from a final judgment for the following reasons:

"(1) mistake, inadvertence, surprise, or excusable neglect;

. . .

(6) any other reason justifying relief from the operation of the law."

It is true that at least the First Circuit has repeatedly turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client.  See <u>KPS & Associates v. Designs by FMC, Inc.</u>, 318 F.3d 1, 16 (1st Cir. 2003).  However, the First Circuit has also noted that: "Although clause (1) of Rule 60(b) mentions neglect, when an attorney's neglect is gross and inexcusable courts have held that relief may be justified under Rule 60(b)(6)." <u>Chang v. Smith</u>, 778 F.2d 83, 85 (1st Cir. 1985).

In the KPS case the First Circuit held (supra at 17) that if relief were to be sought for "grossly negligent" counsel, relief should first be promptly sought by new counsel under Rule 60(b) in the district court, citing Community Dental Services v. Tani, 282 F.3d 1164, 1180 (9th Cir. 2002); Carter v. Albert Einstein Medical Center, 804 F.2d 805 (3rd Cir. 1986); Boughner v. Sec'y of HEW, 572 F.2d 976, 977 (3rd Cir. 1978).

**III.    Atty. Lipede Was "Grossly Negligent" And As Such The Judgment Should Be Vacated**

Based upon the Docket Sheet alone, it is apparent that Atty. Lipede was grossly negligent in her handling of Oliver Udemba's court complaint. On six separate occasions the defendants filed motions to which Atty. Lipede never responded. She never responded to motions filed on January 17, 2006, February 8, 2006, February 17, 2006, March 27, 2006, May 30, 2006 and July 6, 2006. In fact, Atty. Lipede never responded to any motion ever filed by the defendants. Neither did Atty. Lipede ever file any motion seeking relief from or reconsideration of any order by this Court. Atty. Lipede was grossly negligent in her handling of this case from virtually the onset.

While Rule 60(b) relief is indeed limited to the extraordinary situation, this is just such an extraordinary situation. Over the course of months Atty. Lipede was negligent in her handling of this case (if one could say she handled it at all) and by her handling of the case caused it to be dismissed even though the EEOC had found reasonable cause to believe Udemba's allegations.

It is therefore within this Court's power and discretion under Rule 60(b) to vacate the Judgment entered on July 5, 2006, and allow Udemba to properly pursue his Complaint. We respectfully request that this Court exercise that discretion.

**WHEREFORE** the Judgement in this case should be vacated.

                Oliver Udemba
                By his attorney

                */s/ Scott A. Lathrop*
                _____
                Scott A. Lathrop, Esq.
                Scott A. Lathrop & Associates
                122 Old Ayer Road
                Groton, MA 01450
                (978) 448-8234
                BBO No. 287820

Dated:  August 17, 2006

Certificate of Service

I, Scott A. Lathrop, hereby certify that I have served the foregoing Motion on the defendants by mailing this day a copy to the last known address of their Attorney of Record.

                */s/ Scott A. Lathrop*
                _____
                Scott A. Lathrop

Dated:  August 17, 2006

EEOC Form 161-A (3/98)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| To: Oliver Udemba<br>76a Beaver Park<br>Framingham, MA 01702 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 161-2004-00170 | Robert L. Sanders, Director | (617) 565-3200 |

**TO THE PERSON AGGRIEVED:**

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that is will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## – NOTICE OF SUIT RIGHTS –
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Robert Sanders* (signature)

Robert L. Sanders,
Area Office Director

MAR 04 2005
*(Date Mailed)*

Enclosure(s)

cc:  CUMBERLAND FARMS
c/o Philip Moss, Esq.
Moon, Moss, McGill & Shapiro, PA
P.O. Box 7250
Portland, ME 04112-7250

Hrones & Garrity
Lewis Wharf, Bay 232
Boston, MA 02110-3927

Ex. 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

OLIVER UDEMBA,           )
                         )
           Plaintiff,    )
                         )
v.                       )   CIVIL ACTION NO: 05CV 11161 RGS
                         )
CUMBERLAND FARMS, INC.   )
AND EMILE C. TAYEH,      )
                         )
           Defendants.   )

## AFFIDAVIT OF ADERONKE LIPEDE IN SUPPORT OF MOTION TO VACATE JUDGMENT

I, Aderonke O. Lipede, do hereby depose and state the following:

1. I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts.

2. On or about June 5, 2006, I received the Defendants' Motion for Summary Judgment With Incorporated Memorandum.

3. Upon receiving the Defendants' Motion, I erroneously noted in my Day Minder that Plaintiff's response would be due on July 21, 2006. See Attached 2006 Day Minder Book of Aderonke Lipede

4. On or about July 14, 2006, I received Defendant's Motion for Fees indicating that a Judgment had been entered. I did not receive a notice that a judgment had been entered prior to receiving Defendants' Motions for Fees.

5. Upon learning of my mistake, on July 14, 2006, I immediately contacted the Plaintiff Oliver Udemba ("Mr. Udemba").

Ex. 2

6.  Mr. Udemba met with me in my office on July 14, 2006. When I explained what had happened due to my error, Mr. Udemba, rightfully so, fired me and informed me that he would be seeking other counsel, and would rather have successor counsel handle any responses to the motions.

7.  As I did not have Mr. Udemba's complete file in my office on July 14, 2006, arrangements were made for me to turn over the file to Mr. Udemba.

8.  On July 20, 2006, I turned over the complete file to Mr. Udemba, who told me that he had, in fact, retained other counsel.

9.  When I turned over the file to Mr. Udemba, I asked if successor counsel had filed an appearance in the case. Mr. Udemba stated that he expected successor counsel to file an appearance on Monday July 23, 2006. Mr. Udemba took the file.

10. On July 21, 2006, Mr. Udemba telephoned me and told me that successor counsel had not made a decision to file an appearance until after reviewing the file.

11. I advised Mr. Udemba that he should permit me to file a Motion to Vacate the Judgment and an Opposition to the Motion for Summary Judgment, and that successor counsel could take over the case at a later date.

12  On the evening of July 21, 2006 Mr. Udemba returned the files to me.

13. It was my intention to complete the work over the weekend of July 22-23, 2006 and to return the file for successor counsel's review.

14. Over the weekend of July 22,-23, 2006, a personal domestic situation arose. On July 23, 2006, the Boston Police Department arrested James Hite for assault and battery of me. See the attached police report and criminal complaint.

15. The complaint involving James Hite Commonwealth v. James Hite

0604CR0445 is pending in the Charlestown District Court and is scheduled for a pre-trial hearing on September 13, 2006.

16. I note that, although the police report indicates that I did not seek medical attention, I sustained significant swelling to my face and contusions about the body. I suffered swelling to the face as a result of being punched, and contusions about my body as a result of being thrown to floor.

17. As a result of the injuries I sustained, I had difficulty ambulating for several days.

18. Mr. Udemba was unsuccessful in contacting me over the last few days as I was recovering both physically and emotionally from the events of July 23, 2006.

19. Mr. Udemba was not a fault in this matter and made every reasonable effort to preserve this case.

20. It is my hope that Mr. Udemba will not be penalized for my error, and if any sanctions are imposed that they be imposed against me.

Signed under the pains and penalties of perjury this 13th day of August 2006.

*Aderonke O. Lipede*



| CRIMINAL COMPLAINT ORIGINAL | DOCKET NUMBER 0604CR000445 | NO. OF COUNTS 1 | Trial Court of Massachusetts BMC Department |
|---|---|---|---|
| DEFENDANT NAME & ADDRESS James Hite 121 BUNKER HILL ST #1013 Charlestown, MA 02129 | | | COURT NAME & ADDRESS BMC Charlestown 3 City Square Charlestown, MA 02129 (617)242-5400 |
| DEFENDANT DOB 03/25/1948 | COMPLAINT ISSUED 07/24/2006 | DATE OF OFFENSE 07/23/2006 | ARREST DATE 07/23/2006 | |
| OFFENSE CITY / TOWN Boston | OFFENSE ADDRESS 121 Bunkerhill St. | | NEXT EVENT DATE & TIME 07/24/2006 9:00 am |
| POLICE DEPARTMENT Boston PD - Area A-1 | POLICE INCIDENT NUMBER 060395955 | | NEXT SCHEDULED EVENT Arraignment |
| OBTN TBC060194710 | | | ROOM / SESSION Administrative Session |

The undersigned complainant, on behalf of the Commonwealth, on oath complains that on the date(s) indicated below the defendant committed the offense(s) listed below and on any attached pages.

COUNT  CODE          DESCRIPTION
1      265/13A/B    A&B c265 §13A(a)

On 07/23/2006 did assault and beat Aderonke Lipoda, in violation of G.L. c.265, §13A(a)
PENALTY: house of correction not more than 2½ years; or not more than $1000 fine.

| SIGNATURE OF COMPLAINANT X | SWORN TO BEFORE CLERK-MAGISTRATE/ASST CLERK/DEP. ASST. CLERK X | DATE 07/24/06 |
|---|---|---|
| NAME OF COMPLAINANT James Rowley | A TRUE COPY ATTEST CLERK-MAGISTRATE/ ASST. CLERK X | DATE 07/24/06 |

Page 1 of 2

# Boston Police

Kathleen M. O'Toole, Commissioner

## INCIDENT REPORT

ORIGINAL                                                                                    STATUS: UNAPPROVED

| KEY SITUATIONS | COMPLAINT NO. | RPT DIST. | CAD RA | RPT RA | CLEAR. DIST. |
|---|---|---|---|---|---|
| DVIP | 050396895 | A15 | 900 | 900 | |

| UCR INCIDENT DESCRIPTION | UCR FINAL INCIDENT DESCRIPTION | STATUS | DATE OCCURRED FROM | DATE OCCURRED TO |
|---|---|---|---|---|
| | | | 07/23/2005 | 07/23/2005 |

| LOCATION OF INCIDENT | APT | DISPATCH TIME | TIME OCCURRED FROM | TIME OCCURRED TO |
|---|---|---|---|---|
| 121 BUNKER HILL ST | | 09:44 PM | 09:40 PM | 09:40 PM |

| NEIGHBORHOOD | TYPE OF BUILDING | PLACE OF ENTRY | WEATHER | LIGHTING |
|---|---|---|---|---|
| CHARLESTOWN | HOUSING PROJECT | FRONT DOOR | CLEAR - NIGHT | INSIDE - WELL LIT |

| TYPE OF WEAPON-TOOL | SUSPECT MODE OF TRANSPORTATION | VICTIM'S ACTIVITY | SUSPECT RELATIONSHIP TO VICTIM |
|---|---|---|---|
| HANDS/FEET/TEETH | CAR | | BOYFRIEND |

UNUSUAL ACTIONS AND STATEMENTS OF PERPETRATOR

---

### PERSONS

| 1 TYPE | NAME (LAST, FIRST, MI) | S.S. NO. | BOOKING NO. | DOCKET NO. |
|---|---|---|---|---|
| VICTIM | LIPEDE, ADERONKE | | 0 | |

| ALIAS | ADDRESS | GENDER | RACE | DOB | AGE |
|---|---|---|---|---|---|
| | 507 TALBOT AVE 1, DORCHESTER MA 02124-0000 | FEMALE | BLACK NON-HISPANIC | 01/19/1988 | 17 |

| HEIGHT | WEIGHT | BUILD | HAIR | EYES |
|---|---|---|---|---|
| 5-03 | 120 | THIN | BLACK | BROWN |

| OCCUPATION | MARITAL STATUS | CONTACT #1 | CONTACT #2 |
|---|---|---|---|
| ATTORNEY | | (617)-825-8435 | (000)-000-0000 |

SPECIAL CHARACTERISTICS (INCLUDING CLOTHING)
WHITE SHIRT, RED PANTS

---

| 2 TYPE | NAME (LAST, FIRST, MI) | S.S. NO. | BOOKING NO. | DOCKET NO. |
|---|---|---|---|---|
| REPORTER | KERVIN, MARK | | 0 | |

| ALIAS | ADDRESS | GENDER | RACE | DOB | AGE |
|---|---|---|---|---|---|
| | 40 SUDBURY ST., BOSTON MA 02174-0000 | | | | 0 |

| HEIGHT | WEIGHT | BUILD | HAIR | EYES |
|---|---|---|---|---|
| | | | | |

| OCCUPATION | MARITAL STATUS | CONTACT #1 | CONTACT #2 |
|---|---|---|---|
| | | (617)-343-4240 | |

SPECIAL CHARACTERISTICS (INCLUDING CLOTHING)

---

| 3 TYPE | NAME (LAST, FIRST, MI) | S.S. NO. | BOOKING NO. | DOCKET NO. |
|---|---|---|---|---|
| OFFENDER | HITE, JAMES D | 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 | BR194710 | |

| ALIAS | ADDRESS | GENDER | RACE | DOB | AGE |
|---|---|---|---|---|---|
| | 121 BUNKERHILL ST, CHARLESTOWN MA 00000-0000 | MALE | BLACK NON-HISPANIC | 03/25/1945 | 61 |

| HEIGHT | WEIGHT | BUILD | HAIR | EYES |
|---|---|---|---|---|
| 6-01 | 175 | SLIM | BLACK | BROWN |

| OCCUPATION | MARITAL STATUS | CONTACT #1 | CONTACT #2 |
|---|---|---|---|
| TENNIS INSTRUCTOR | Divorced | | |

SPECIAL CHARACTERISTICS (INCLUDING CLOTHING)
GREEN SHORTS, WHITE T-SHIRT

---

### PROPERTY

| STATUS | TYPE OF PROPERTY | SERIAL | BRAND NAME - DESCRIPTION | MODEL | VALUE |
|---|---|---|---|---|---|
| N/A | N/A | | - | | $0.00 |

---

NARRATIVE AND ADDITIONAL INFORMATION:

ABOUT 9:40 P.M. ON SUNDAY, JULY 23, 2006 OFFICER KERVIN IN THE A415F UNIT AND OFFICER DOHERTY IN THE A416F UNIT RESPONDED TO A RADIO CALL FOR DOMESTIC VIOLENCE INTIMATE PARTNERS AT 121 BUNKER HILL ST. ON ARRIVAL OFFICER KERVIN SPOKE TO THE VICTIM ( LIPEDE, ADERONKE ) WHO STATED THAT HER BOYFRIEND OF 10 YEARS (HITE, JAMES) DURING AN ARGUMENT PUNCHED VICTIM IN THE FACE ONCE. SUSPECT STATED THAT HE WAS BREAKING UP WITH THE VICTIM AND DENIES HITTING VICTIM. AT THIS TIME SUSPECT WAS PLACED UNDER ARREST FOR ASSAULT & BATTERY UNDER 209 A. VICTIM WAS OFFERED MEDICAL ATTENTION AND REFUSED. VICTIM WAS ADVISED HER RIGHTS UNDER 209 A AND RECEIVED A COPY OF HER RIGHTS UNDER 209 A.

---

Requested by : 83204                                                                Requested on : 07/23/2005 10:52:34 PM

Page 2 of 2

| UNIT ASSIGNED | SHIFT | REPORTING OFFICER'S NAME | REPORTING OFFICER'S ID | PARTNER'S ID |
|---|---|---|---|---|
| A415F | S | MARK D KERVIN | 83204 | 11871 |

| SPECIAL UNITS NOTIFIED (REPORTING) | | | |
|---|---|---|---|
| Domestic Violence Unit | | | |
| DATE OF REPORT | TIME COMPLETED | APPROVING SUPERVISOR NAME | APPROVING SUPERVISOR ID |
| 07/23/2006 | 10:40 PM | N/A | 0 |