UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| OLIVER UDEMBA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO: 05 CV 11161 RGS |
| ) | |
| CUMBERLAND FARMS, INC. ) | |
| AND EMILE C. TAYEH, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
SECOND MOTION TO VACATE JUDGMENT**

Defendants Cumberland Farms, Inc. ("the Company" or "CFI") and Emile Tayeh ("Tayeh") hereby oppose the second motion to vacate judgment filed by Plaintiff Oliver Udemba ("Udemba"), filed on August 17, 2006.

**BACKGROUND**

On July 5, 2006, the Court granted the Defendants' motion for summary judgment and dismissed this suit.  On July 20, 2006, Udemba filed a motion *pro se*, in which he asked the Court to vacate the judgment on the grounds that his attorney (Aderonke O. Lipede) "abandoned" his case, without his knowledge.  On July 27, 2006, the Court denied Udemba's motion to vacate the judgment.  On August 13, 2006, Attorney Scott A. Lathrop entered his appearance as Udemba's attorney, and on August 17, 2006, through his new attorney, Udemba filed his second motion to vacate the judgment.

## ARGUMENT

Udemba's Motion relies upon Fed.R.Civ.P. 60(b)(1) and (6), which state:

> **Rule 60. Relief from Judgment or Order**
>
> …
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; … or (6) any other reason justifying relief from the operation of the judgment. …

The disposition of a motion for relief from judgment under Rule 60 rests within the sound discretion of the District Court.[1]

The Defendants submit that Udemba's second motion to vacate should be denied because (a) he has failed to show that he is entitled to relief either under Rule 60(b)(1) or (6), (b) he has failed to demonstrate that he could have successfully opposed the Defendants' motion for summary judgment, and (c) the Defendants will be severely prejudiced by grant of the motion. The second ground will be addressed first since it is dispositive of Udemba's motion.

**I.   UDEMBA HAS FAILED TO DEMONSTRATE THAT VACATING THE JUDGMENT WILL NOT BE AN EMPTY EXERCISE.**

The First Circuit listed the factors to be considered in ruling on a motion under Rule 60(b), in *United States v. Kayser-Roth Corporation,* 272 F.3d 89, 95 (1st Cir. 2001):

> We have identified certain criteria to determine whether relief from judgment is appropriate under Rule 60(b): "(1) timeliness, (2) the existence of exceptional circumstances justifying extraordinary relief, and (3) the absence of unfair

---

[1] But see *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990): " That discretion, however, is not boundless. In the case of a motion for reconsideration brought under Rule 60(b)(1), for example, if the failure of the party to submit the evidentiary materials in question is attributable solely to the negligence or carelessness of that party's attorney, then it would be an abuse of discretion for the court to reopen the case and to consider the evidence."

prejudice to the opposing party." *953 F.2d at 20.*[2]  In addition, to obtain relief under Rule 60(b), "[a litigant] must give the trial court reason to believe that vacating the judgment will not be an empty exercise" in any new proceedings.  Id.  Although the movant need not show "an ironclad claim or defense which will guarantee success at trial," it must at least demonstrate that it possesses "a potentially meritorious claim or defense which, if proven, will bring success in its wake." *953 F.2d at 21; Lepkowski v. United States Dep't of Treasury, 256 U.S. App. D.C. 281, 804 F.2d 1310, 1314 (D.C. Cir. 1986).*   Purely conclusory allegations are not sufficient to establish the Rule 60(b) precondition.  *Teamsters, 953 F.2d at 21.*[3]

The requirement that a litigant demonstrate a meritorious claim or defense in order to qualify for relief under Rule 60(b) has been reiterated time and again:

> In order to be entitled to relief under Rule 60(b) claimant must show that there was a good reason for the default and that he has a meritorious defense. *United States v. Proceeds of Sale of 3,888 Pounds of Atlantic Sea Scallops, 857 F.2d 46, 48 (1st Cir. 1988).*

*United States v. One Lot of $ 25,721 in Currency*, 938 F.2d 1417, 1421 (1st Cir. 1991) (sustaining district court's refusal to vacate judgment based on failure of party's attorney to file opposition to government's motion for summary judgment).

In *Capizzi and Capizzi v. State Resources Corp,* No. 02-12319, 2005 U.S. Dist LEXIS 738 (D. Mass. January 20, 2005) this Court (per Woodlock, J.) stated:

> The "bare minimum" of which a party seeking *Rule 60(b)* relief must persuade the court is:
>
> > that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief;  that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.

(emphasis in the original; citations omitted)

---

[2] The citation is to *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co.,* 953 F.2d 17 (1st Cir. 1992).

[3] In *Kayser-Roth,* the First Circuit held that the district court was justified in rejecting the movant's proffered defense as unmeritorious.  272 F.3d at 96.

Udemba apparently seeks to satisfy this requirement of Rule 60(b) by referring to the fact that the EEOC issued him a "right to sue letter," in which that agency stated: "The EEOC found reasonable cause to believe that violations of the statute(s) occurred with regard to some or all of the matters alleged in the charge …". However, the fact that the EEOC found reasonable cause to credit one or more of the allegations in Udemba's charge does not mean that there was merit to those allegations. *Charves v. The Western Union Telegraph Co.,* 711 F.2d 462, at 464 (1st Cir. 1983) (the fact that an administrative agency has reached a contrary conclusion as to the merits of a plaintiff's case is not in any sense conclusive). The EEOC's form letter does not identify which allegations in Udemba's charge it is referring to, does not recite any evidence or legal authorities which support those allegations and does not consider the evidence or arguments which refute Udemba's allegations. The Defendants' motion for summary judgment addressed and refuted each of Udemba's allegations with specific reference to Udemba's own deposition testimony and sworn affidavits, and documents identified at Udemba's deposition. In neither his first nor his second motion to vacate has Udemba made *any* effort to show that he could have refuted the evidence and arguments presented in the Defendants' motion for summary judgment.

Because Udemba has failed to show that he could have mounted a successful opposition to the Defendants' motion for summary judgment, his motion to vacate the judgment in this case should be denied.

## II.    UDEMBA HAS FAILED TO DEMONSTRATE THAT HE IS ENTITLED TO RELIEF EITHER UNDER RULE 60(b)(1) OR 60(b)(6).

Even if Udemba could show that he possesses a meritorious basis for opposing Defendants' motion for summary judgment, he would not be entitled to relief under Rule 60(b).

4

### A.    Rule 60(b)(1).

Although Udemba refers to Rule 60(b)1) in his motion to vacate, he presents no argument based upon that section of the Rule.  Presumably, he relies upon the affidavit of Attorney Lipede, in which she states that when she received the Defendants' motion for summary judgment, she "erroneously noted in my Day Minder that Plaintiff's response would be due on July 21, 2006." Absent the opportunity to depose Attorney Lipede, the Defendants have no way to assess or refute the statements in her affidavit.  However, even if her explanation is accepted, simple carelessness in calendaring a deadline is not the kind of extraordinary circumstance that justifies relief under Rule 60(b)(1), in the First Circuit:

> Although many courts have indicated that Rule 60(b) motions should be granted liberally, this Circuit has taken a harsher tack.  "Because Rule 60(b) is a vehicle for 'extraordinary relief,' motions invoking the rule should be granted 'only under exceptional circumstances.'" Id. (quoting *Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)).*

*Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe,* 257 F.3d 58, 64 (1st Cir. 2001) (footnote omitted).[4]

### B.    Rule 60(b)(6).

Udemba relies principally upon Rule 60(b)(6), and his argument that attorney Lipede "abandoned" his case, by failing to respond to the Defendants' motions for discovery sanctions, failing to undertake discovery and failing to file an opposition to the Defendants' motion for summary judgment.  However, the affidavit of Attorney Lipede states only that she erroneously calendared the deadline for responding to the Defendants' motion for summary judgment.  She certainly does not admit that she "abandoned" Udemba's case.  The Court is left to guess at what communications passed between Lipede and Udemba about her prosecution of his case, and

---

[4] The case referred to as quoting *Lepore* is *Torre v. Continental Ins. Co.,* 15 F.3d 12, 14-15 (1st Cir. 1994).

5

absent discovery on this issue neither the Court nor the Defendants should have to accept Udemba's assertion that Lipede's conduct of the case constituted "gross negligence."

Moreover, it is doubtful that the First Circuit would accept gross negligence by a party's attorney as grounds for relief under Rule 60(b). In *Chang v. Smith,* 778 F.2d 83 (1st Cir. 1985), cited by Udemba, the First Circuit stated that it "need not resolve" the question of whether an attorney's gross negligence was grounds for relief under Rule 60(b)(6), because

> At a minimum, when a party moves for relief under 60(b)(6) alleging gross neglect of counsel in failing to file a 60(b)(1) motion, the party must show that it would have prevailed on the 60(b)(1) motion. Chang cannot make such a showing in this case.

778 F.2d at 86.

As in *Chang,* this Court need not consider whether gross negligence of counsel would be grounds for relief under Rule 60(b)(6), because Udemba has not shown that he could have successfully opposed the Defendants' motion for summary judgment.

More recently, in *KPS & Associates, Inc. v. Designs by FMC, Inc.,* 318 F.3d 1 (1st Cir. 2003), also cited by Udemba, the First Circuit rejected the defendant's argument that an attorney's gross negligence provided grounds for vacating a judgment, as in *Community Dental Services v. Tani,* 282 F.3d 1164, 1170 (9th Cir. 2002):

> There are two serious flaws in Designs' reliance on the Ninth Circuit's decision in Tani. First, in this circuit we have consistently "turned a deaf ear to the plea that the sins of the attorney should not be visited upon the client." *Farm Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 21 (1st Cir. 1987).* We need not decide, however, whether to make an exception to this widely accepted rule because of the second defect in Designs' argument: "It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal." *Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 749 (1st Cir. 1995).*

Because the First Circuit in *KPS* relied upon its alternate ground for rejecting the defendant's argument, its rejection of the "attorney gross negligence" argument may be dicta;

6

however, it is consistent with the position taken by the courts of this Circuit in many other cases, that the client is bound by the acts and omissions of the attorney he chooses to represent him. *See, e.g.*, *Top Entertainment, Inc., et al. v. Maria Ortega d/b/a Servitel,* 285 F.2d 115, 119 (1st Cir. 2002), quoting *Farm Constr. Servs., Inc. v. Fudge,* 831 F.2d 18, 20 (1st Cir. 1987); U*nited States v. One Lot of $ 25,721 in Currency*, supra (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633-34 (1962)); *United States v. Parcel of Land and Residence at 18 Oakwood Street, Dorchester, Massachusetts*, 958 F.2d 1 (1992); *Capizzi and Capizzi v. State Resources Corp.*, supra; *Kingvision Pay-Per-View, Ltd. v. Rocca,* No. 00-407, 2002 U.S. Dist. LEXIS 4766 (D.NH March 19, 2002).

If Udemba's allegations that Attorney Lipede abandoned his case are true, his recourse is a claim of professional malpractice against her. *IN RE: The Petition of Mal de Mer Fisheries, Inc.,* 884 F. Supp. 635, 640-641(D.Mass. 1995), quoting, *inter alia, Link v. Wabash Railroad Co.*, 370 U.S. at 634 n.10 ("And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." This rule applies equally to cases involving intentional misconduct by a party's attorney:

> We agree that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also *intentional* attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims.

*Latshaw v. Trainer Wortham & Co.*, 2006 U.S. App. LEXIS 16836 (9th Cir. July 6, 2006) at *9 (emphasis added).

**III.   THE DEFENDANTS WILL BE SEVERELY PREJUDICED IF UDEMBA'S MOTION TO VACATE IS ALLOWED.**

Udemba's motion implies that he is not merely seeking leave to file a late opposition to the Defendants' motion for summary judgment, but also seeking to rewind the discovery clock in this case.  The Defendants have incurred substantial expense in defending this case (*see* Defendants' July 6, 2006 motion for award of attorneys' fees), and they should not have to start their defense all over again.

## CONCLUSION

For the foregoing reasons, the Court should DENY Udemba's second Motion to Vacate the Judgment entered on July 5, 2006.

DATED at Portland, Maine this 23rd day of August, 2006.

> CUMBERLAND FARMS, INC. and
> EMILE C. TAYEH
>
> By their attorneys,
>
> MOON, MOSS & SHAPIRO, P.A.
> Ten Free Street
> P. O. Box 7250
> Portland, ME  04112-7250
> (207) 775-6001
>
>
> */s/ Philip J. Moss*
> Philip J. Moss, Esq., BBO# 358020

**CERTIFICATE OF SERVICE**

    I, Philip J. Moss, attorney for Cumberland Farms, Inc. and Emile C. Tayeh, hereby certify that on August 23, 2006, I electronically filed Defendants' Opposition to Plaintiff's Second Motion to Vacate Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Scott A. Lathrop, Esq.
> Scott A. Lathrop & Associates
> 122 Old Ayer Road
> Groton, MA 01450
> (BBO No. 287820)

> */s/ Philip J. Moss*
> Philip J. Moss, Esq., BBO# 358020
> MOON, MOSS & SHAPIRO, P.A.
> Ten Free Street
> P. O. Box 7250
> Portland, ME  04112-7250
> Tel:  (207) 775-6001
> Fax:  (207) 775-6407
> pmoss@moonmoss.com