UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11161-RGS

OLIVER UDEMBA

v.

CUMBERLAND FARMS, INC.
AND EMILE C. TAYEH

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO RECONSIDER
AN AWARD OF ATTORNEY'S FEES
AND TO AMEND THE JUDGMENT

October 6, 2006

STEARNS, D.J.

The motion is DENIED in part, and ALLOWED in part.[1] Under the American Rule, the presumption is that a party is to bear its own costs and fees. While a court has an equitable power to shift fees in the absence of statutory or contractual authorization, the power is exercised only against a party that has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Mullane v. Chambers, 333 F.3d 332, 337-338 (1st Cir. 2003), quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). Plaintiff's underlying suit, whatever its ultimate merits, touched none of the forbidden bases; it was simply badly lawyered. There is, in other words, no basis for a fee award under the exceptional

---

[1] The court notes that counsel misconstrues Foster v. Mydas Assocs., Inc., 943 F.2d 139, 141 (1st Cir. 1991). The district court abuses its discretion when it shifts fees without explanation, not when it refuses to explain a declination to make a discretionary award of fees. Counsel also mischaracterizes the prior award of $2,470.69. The prior award was not a fee award. It was a sanction imposed on plaintiff for his failure to abide by the court's discovery orders.

provisions of G.L. c. 231, § 6F.  Whatever the court's discretion to award fees to a defendant under Title VII, see Scarfo v. Cabletron Systems, Inc., 54 F.3d 931, 954 (1st Cir. 1995), assuming that defendants are "prevailing" parties in a legally meaningful sense, see Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Services, 532 U.S. 598, 605-606 (2001), the court declines to exercise such discretion.

The motion to amend the judgment of July 5, 2006, to require plaintiff to pay to defendants the sum of $2,470.69 (as previously ordered by the court) is ALLOWED.

                          SO ORDERED.

                          s/ Richard G. Stearns

                          _____
                          UNITED STATES DISTRICT JUDGE