UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11161-RGS

OLIVER UDEMBA

v.

CUMBERLAND FARMS, INC.
AND EMILE C. TAYEH

MEMORANDUM AND ORDER ON
PLAINTIFF'S (SECOND) MOTION TO VACATE

October 6, 2006

STEARNS, D.J.

The motion is DENIED.  A showing of excusable neglect under Rule 60(b)(1) requires a showing of unique or extraordinary circumstances.  Graphic Communications International Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 6 (1st Cir. 2001).  In a civil case, "the acts and omissions of counsel are customarily visited on the client."  Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993).  As a rule, omissions by counsel are not grounds for relief under Rule 60(b)(1).  Hoult v. Hoult, 57 F.3d 1, 5 n.3 (1st Cir. 1995).  Other issues affecting representation, such as the personal problems of counsel, Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 65 (1st Cir. 2001), or counsel's "preoccup[ation] with other matters," de la Torre v. The Continental Ins. Co., 15 F.3d 12, 15 (1st Cir. 1994), similarly do not amount to excusable neglect within the meaning of the Rule.

Rule 60(b)(6), the second ground on which plaintiff seeks relief, applies only where exceptional circumstances demonstrate that the moving party is "faultless."  Pioneer

<u>Investment Servs. Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380, 393 (1993).

Where, as here, plaintiff shares the blame for the failure to prosecute his own lawsuit, Rule

60(b)(6) is not an appropriate ground for relief.[1]   <u>See</u> <u>Claremont Flock Corp. v. Alm</u>, 281

F.3d 297, 299-300 (1st Cir. 2002).

        SO ORDERED.

        /s/ Richard G. Stearns

        _____

        UNITED STATES DISTRICT JUDGE

---

[1]The Complaint was filed on June 3, 2005.  A discovery schedule was set. Thereafter, plaintiff's counsel failed to respond to motions or discovery requests over an extended period of time.  A plaintiff has a responsibility to maintain communications with his attorney regarding the progress of his case.  <u>See</u> <u>Top Entertainment Inc. v. Ortega</u>, 285 F.3d 115, 118 (1st Cir. 2002).